**Willie John PALMER, Plaintiff-Appellant,**

**v.**

**Irma Henley PALMER, Defendant-Respondent.**

**Nos. 33753, 34037.**

St. Louis Court of Appeals, Missouri.

April 27, 1971.

Arthur Friedman, Burton H. Shostak, St. Louis, for plaintiff-appellant.

Raymond Howard, St. Louis, for defendant-respondent.

CLEMENS, Commissioner.

These consolidated appeals grow out of allowances granted the defendant-wife in a divorce case. In the first appeal (No. 33,-753) the plaintiff-husband challenges the amounts of alimony, child support and attorney's fee allowed the defendant-wife in the divorce case. In the second appeal (No. 34,037) he challenges the amounts of attorney's fee and suit money the trial court thereafter allowed her to respond to his original appeal.

The parties married in 1951 and separated in 1968; they have children, a daughter 17 and a son 11. The husband filed for divorce and the wife responded with a crossbill for divorce, child custody and allowances. He dismissed his petition and she was granted a divorce, child custody and allowances. The trial court ordered the husband to make weekly payments of $25 for alimony, $40 for the parties' daughter and $25 for their son, a total of $90 a week. (For reasons not apparent of record the decree further provided that when the 11-year-old son became 17 the allowance for his support should be increased from $25 to $40 a week; further, that the alimony payments should continue only until the child-support allowances ended.) The court also allowed the wife an additional $600 for her attorney's fee. The husband appealed from the monetary parts of the decree. Thereafter the trial court made further allowances of $400 for attorney's fee and $100 suit money for the appeal. He also appealed from that judgment and the appeals have been consolidated.

We first consider the child-support allowances. Neither party has liquid assets and both are in debt. Each is a school teacher; Mr. Palmer's weekly after-tax income is about $165 and Mrs. Palmer's is about $140. The daughter is a student at the University of Missouri at Kansas City; her tuition and living expenses are about $50 a week. Since both her father and mother are college graduates a college education is not beyond the daughter's standard of living. Considering that and the father's $165 weekly salary the $40 a week allowance for the daughter is reasonable. Compare McCullough v. McCullough, Mo.App., 402 S.W.2d 623 [2–4], and Anderson v. Anderson, Mo.App., 437 S.W.2d 704 [6–8].

The court also allowed $25 a week for support of the parties' 11-year-old son. His expenses are less specific; music lessons and school expenses are $6 a week. The weekly cost of the family's food and housing is about $90. Attributing a third of that expense to the son, his total weekly living expense is $36, or $11 more than the amount allowed for his support. We find no error in the $25-a-week allowance. We find no basis in the record for increasing that allowance to $40 a week when the son becomes 17, and the decree will be modified by deleting the provision for that future increase.

Factors properly considered in determining whether and to what extent alimony should be granted are the parties' financial condition, their respective incomes, their ages and health and the custodial provisions for their children. Reeves v. Reeves, Mo.App., 399 S.W.2d 641 [16–18] and cases there cited. As said in that case at l. c. 650, " * * * it is the husband's duty, insofar as he is able, to contribute such amount as will, supplement-

ed by the wife's earnings and other income, if any, enable her to maintain a standard of living measuring up to that enjoyed at the time of the divorce." Here, the divorce caused no financial detriment to Mrs. Palmer. The parties' financial status is basically equal, except for Mr. Palmer's obligation to support the two children. After paying the $65 weekly child-support allowance Mr. Palmer's weekly net salary of $165 will leave him only $100. In contrast, Mrs. Palmer's weekly salary is $140, well in excess of his. To affirm the $25-a-week alimony would increase her weekly income, aside from child support, to $165 and decrease his to $75. Such a disparate division of the parties' incomes was an abuse of the trial court's discretion and the decree will be modified by deleting the allowance for alimony, without prejudice to plaintiff's right of future modification. Compare Ballew v. Ballew, Mo.App., 288 S.W.2d 24.

■ The trial court's allowance of $1,000 attorney's fee and $100 suit money presents two questions, the parties' comparative ability to pay attorney's fees and the amount thereof. As said, both parties denied having liquid assets. Their personal expenditures exemplified Parkinson's law that "expenses rise to meet income and individual expenses tend to surpass it." We consider however that Mr. Palmer used part of the proceeds from sale of the parties' home to loan his brothers $1,000 and consider this amount an asset available to Mr. Palmer.

For no reason appearing in the record Mrs. Palmer employed and discharged two other attorneys and present counsel is the third to represent her in this case. Mr. Palmer paid each of the other lawyers $250. Present counsel entered the case after it was at issue and ready for trial. Nonetheless he recorded 24 hours of service in the case. There were three pre-trial office calls and five telephone calls; her counsel conferred once with opposing counsel, investigated the extent of Mr. Palmer's bank account, and prepared but did not file

a garnishment. There was no contest on the merits; the trial consisted of adducing testimony about each party's income and expenses. The trial court allowed Mrs. Palmer $600 for her present attorney's fee.

As mentioned, the trial court further allowed Mrs. Palmer $400 for attorney's fee and $100 for suit money for responding to her husband's appeal. His counsel briefed only two points, excessive alimony and child support and excessive attorney's fee. Mrs. Palmer's counsel responded with an eight-page brief, citing six cases.

The absence of complicated issues raises doubts that the claimed amount of time spent by Mrs. Palmer's counsel was actually required in the trial of this case. Civil Rule 4.12, V.A.M.R. declares that in setting an attorney's fee it is proper to consider "the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause."

Expanding on this rule in Wonneman v. Wonneman, Mo.App., 305 S.W.2d 71 [13–15], where the trial court had allowed a $500 attorney's fee in a case far more complex than this one, we said: "The amount of an allowance of this character rests within the discretion of the trial court, such discretion, to be exercised in view of all the circumstances, including the amount and character of the services rendered, the degree of responsibility imposed or incurred by the attorney, and the degree of professional ability, skill and experience called for and exercised in the performance of the services. The financial condition of the party against whom the allowance is made should also be considered. The final judgment should be an amount that public standards will approve for the work done, the time consumed, and the skill required. The exercise of discretion in such matters will not be interfered with by the appellate court unless it has been manifestly abused."

Although no two cases present the same basis for allowing attorney fees we have examined other cases for comparison. Folk

v. Folk, Mo.App., 347 S.W.2d 405, presented a financial picture similar to our case and contested issues requiring at least twice as much time of the wife's counsel. We reduced a $1,000 allowance for attorney's fee to $750. In the hotly contested case of Dagley v. Dagley, Mo.App., 270 S.W.2d 553 [8–9], we held an attorney's fee was excessive when it was twice as much as the husband's monthly salary; the total of attorney's fees allowed here was $1,500, twice the amount of Mr. Palmer's monthly salary. For further guidance we find that other more complex contested cases, with no lesser ability to pay, have warranted lesser attorneys' fees than these allowed here.[1]

Facing the issue of excessiveness of the attorney's fees here we stress the fact that there is no question of the quality of Mrs. Palmer's representation by her counsel. He vigorously presented her claims both in the trial court and on appeal. But other factors must be considered. Before present counsel entered the case Mr. Palmer paid $500 for his wife's first and second attorneys. His ability to pay a generous fee is limited. The issues involved were neither novel nor complex and we do not believe they *required* the extensive time given them nor did the issues *require* a degree of skill not possessed generally by members of the bar.

We find the allowance of attorney fees imposed an unjustified burden on Mr. Palmer and that the trial court thereby abused its discretion. For services of Mrs. Palmer's counsel in the trial court the allowance will be reduced from $600 to $350 and for his services in this court the allowance will be reduced from $400 to $250, amounts which we believe are in accord with the principles hereinbefore declared.

Costs in both appeals should be taxed equally against the parties.

1. Evjen v. Evjen, Mo.App., 409 S.W.2d 271, ($600);
Jeans v. Jeans, Mo.App., 348 S.W.2d 145, ($600);
Jafarian-Kerman v. Jafarian-Kerman, Mo.App., 424 S.W.2d 333, ($500);

**PER CURIAM:**

In appeal Number 33,753 the decree of October 8, 1969 is modified by deleting the allowance of $25 per week for alimony, without prejudice to plaintiff's right of future modification, and by deleting the provision for increasing the weekly child-support allowance for the parties' son from $25 to $40 when he becomes 17; said decree is further modified by reducing the amount of the allowance of attorney's fee from $600 to $350. As so modified that judgment is affirmed. In appeal Number 34,-037 the order of April 10, 1970 is modified by reducing the amount of the allowance for attorney's fee from $400 to $250. As so modified that order is affirmed. Costs in both appeals are taxed equally against the plaintiff and defendant.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.

Weiss v. Weiss, Mo.App., 392 S.W.2d 646, ($500);
Bettinger v. Bettinger, Mo.App., 355 S.W.2d 354, ($500).