Hope H. FARNSWORTH, Appellant,

v.

Nile W. FARNSWORTH, Respondent.

No. 37989.

Missouri Court of Appeals,
St. Louis District.

June 14, 1977.

Wiley, Craig, Armbruster, Wilburn & Mills, Earl B. Wilburn, St. Louis, for appellant.

Tremayne, Lay, Carr & Bauer, Bertram W. Tremayne, Jr., Clayton, for respondent.

McMILLIAN, Judge.

Upon respondent's motion for modification of maintenance, the circuit court reduced the maintenance award from $975.00 per month to $200.00 per month. The wife appeals contending that the court's order was an abuse of discretion. We agree and remand cause with directions as contained herein.

A decree of divorce was granted the parties on May 21, 1970. Pursuant to that decree, the court ordered respondent to pay appellant $850.00 per month as alimony (now maintenance) plus $150.00 per month per child as child support for the parties' two minor children. Respondent's annual adjusted gross income at that time was $38,165.00.

On March 19, 1973, by agreement of the parties, the court increased the maintenance allowance to $975.00 per month. At that time respondent's adjusted gross income was $75,778.00. Respondent had remarried and had a child of that marriage. In addition, the two children of respondent's second wife reside with them.

On October 25, 1974, the respondent filed a motion to reduce maintenance. Contemporaneously, respondent unilaterally, without prior court approval, reduced maintenance payments to $400 per month. On February 10, 1976, the court rendered the decision from which this appeal arises. Since the 1973 modification, respondent has changed jobs and he now estimates his annual salary at $35,000.00. He also receives the use of an automobile as part of his compensation. A second child has been born of his second marriage. He has been relieved of half of the total $300.00 per month child support payment to his first wife on account of the emancipation of their eldest child. Appellant now works, earning a gross monthly salary of $500.00. Her monthly take home pay is $386.00.

The income and expense statements of the parties which were introduced into evidence reveal the following facts. Appellant's monthly expenses for herself and one child total $1071.00. Her gross income from wages, child support, other income, and $200.00 maintenance totals $904.05. Thus, under the circuit court's order appellant's expenses exceed her income by $166.95 per month or $2,003.40 per year. By the provisions of the 1973 modification appellant received a total monthly income of $1119.05, which amounts to $48.00 more than her expenses. On the other hand, respondent's monthly expenses, excluding his maintenance payments, are reported at $2090.00. He reports monthly income of $2,692.32, thus he has an excess income of $602.32 per month from which maintenance can be paid.

■ Appellant initially alleges error in the trial court's treatment of the facts of respondent's remarriage and his fathering of additional children as changed circumstances such as would justify a modification of the maintenance award. She contends that consideration of such unilateral acts of the respondent as changed circumstances amounts to an abuse of discretion. This claim is contrary to well established Missouri law. It is generally held that although remarriage alone is not sufficient grounds for decreasing maintenance, but where children are born of that marriage it will be considered as one factor, *Markham v. Markham,* 506 S.W.2d 84 (Mo.App.1974); *Clisham v. Clisham,* 485 S.W.2d 660 (Mo.App.1972) and *Jourdan v. Jourdan,* 251 S.W.2d 380 (Mo.App.1952). We see no reason to depart from the rule at this juncture.

■ Appellant further claims that the sheer magnitude of the monetary reduction is in itself evidence of an abuse of discretion. The court will adjust an award where "the amount awarded is so excessive or inadequate as to appear to be an abuse of judicial discretion. . . ." *Harriman v. Harriman,* 281 S.W.2d 566 (Mo.App.1955). An award of 90% of the respondent's net

worth was held an abuse of discretion in *Swanson v. Swanson,* 464 S.W.2d 225 (Mo. 1971). The elimination of alimony, leaving the wife with insufficient income to maintain herself and the children in the manner to which they were accustomed was held an abuse of discretion in *Landreth v. Landreth,* 326 S.W.2d 128 (Mo.App.1959). In determining the reasonableness of the award, courts balance the husband's ability to pay against the wife's reasonable needs, *Larison v. Larison,* 524 S.W.2d 159 (Mo.App.1975); *Richardson v. Richardson,* 524 S.W.2d 149 (Mo.App.1975); *Palmer v. Palmer,* 467 S.W.2d 303 (Mo.App.1971) and *Brosam v. Brosam,* 437 S.W.2d 694 (Mo.App.1969).

Neither party in the case at bar contests the income and expense statements of the other, nor is there evidence that either party concealed any assets. The circuit court's award works an extreme financial hardship on the appellant. With her present expenses she would be over $2,000 in debt every year. Her only recourse would be to downgrade her lifestyle from the manner to which she was accustomed. At the same time even after a halving of his salary and the birth of another child, her former husband has an excess income of more than $600 each month from which he could contribute to her support. Although appellant now takes home $386 a month from her job, she has lost $775 in maintenance as a result of respondent's decreased income and the birth of one additional child. Under these circumstances, we find that the amount awarded appellant was so inadequate as to be an abuse of discretion. We cannot find any logical or legal justification for the drastic reduction to $200 a month. Consequently, the cause is remanded to the trial court with directions to set aside its award of maintenance and to enter an award of $375.00 per month as of the date of the final judgment from which this appeal was taken, and as amended, the judgment is affirmed.[1]

STEWART and REINHARD, JJ., concur.

---

1. In passing, we note an issue that was argued but not briefed. The question argued is whether the date of the change of circumstances used as the basis for a modification where there had been a prior modification is to be the date of the original decree or the date of the last prior modification. In our view, although a modification is ancillary to the original decree, yet it is an independent action. Hence, the date of the change of circumstances to be used would be the last prior modification rather than the circumstances existing on the date of the original decree.