**April LANGWELL, Plaintiff-Respondent,**

v.

**Leonard LANGWELL,
Defendant-Appellant.**

**No. KCD 29076.**

Missouri Court of Appeals,
Kansas City District.

Oct. 31, 1977.

Robert G. Smith, Brookfield, for defendant-appellant.

Harry L. Porter, Marceline, for plaintiff-respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The original decree of dissolution of marriage ordered that the mother have custody of the infant girl and that the father pay $150 per month as child support. The decree was modified thereafter on the motion

of the mother to increase the support to $200 per month and by the definition of visitation rights. The father then sought further modification to reduce the support obligation and for an enlarged visitation. The mother moved concurrently to increase support and to eliminate visitation altogether. The court heard evidence and denied the motions of both parties.

On this appeal the father contends that changed circumstances entitle him to a reduction of the support obligation and a more favorable visitation.

The evidence was that the marriage domicile was the city of Marceline. The father was employed as a train engineer and the mother as a school teacher. At the time the support award was increased to $200 per month, the husband earned some $16,000, but was since reduced to about $14,500. The father owned a 160 acre farm but contended it operated at a loss. He owned a herd of cattle, however, which grew from thirty-five to fifty head and was worth $10,000. Since the last modification his personal expenses had increased but he did not specify the extent.

The mother had worked as a teacher in the Marceline schools during the marriage and attained a salary of $7,700 per year. The marriage was disrupted and thereafter dissolved because of cruel treatment by the husband. His harassment after the dissolution forced her removal from Marceline to Palmyra, some one hundred miles away. In Palmyra she has attempted a livelihood from the sale of real estate but without success. She resumed work as a teacher and practices that profession part-time to enable her to spend more time with the child. She receives a net of somewhat more than $300 per month from this limited employment, and some small sums from the sale of real estate, so her personal monthly expenses of $550 exceed her income.

The decree sought to be modified by the father allowed him alternate weekend visitations and on alternate Christmas days. Since the mother removed to Palmyra, the father has access to the child only after he has traveled one hundred miles to receive the child and another one hundred miles to return her. He considers this an unreasonable burden and requests that the mother be required to deliver the child to a halfway point. He also requests that holiday visitation now allowed him to be enlarged.

The mother testified that following visits with the father the child would crave her reassurances of love, that her normal affections were withdrawn, and she would not allow anyone to touch her. In this state, the child complains of physical hurts, which have been medically diagnosed as nervous reactions.

■ A court may modify an order for child support only [§ 452.370]:

upon a showing of changed circumstances so substantial and continuing so as to make the terms unreasonable.

This means that an orginal judgment—or modification—is res judicata to the facts and conditions on which the award rests and the burden to show that the terms of the adjudication have been made unreasonable by change of circumstances rests upon the party who seeks modification. *Seelig v. Seelig*, 540 S.W.2d 142, 145[1, 2] (Mo.App. 1976).

■ A court may modify an order of visitation [§ 452.400]:

whenever the modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that visitation would endanger the child's physical health or impair his emotional development.

This means that a determination of visitation by a trial court will not be overturned unless the appellant demonstrates that the order was not in the best interests of the child. *Roark v. Harvey*, 544 S.W.2d 287, 292[5] (Mo.App.1976).

■ The questions become whether there was substantial evidence to support the judgment of the trial court on the contentions presented. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). As to the reduction of income, that factor alone does not prove a change of condition where there has been no substantial change in the needs

provided for by the order. The standards for modification of a child support order established by § 452.370 intend to discourage repeated or insubstantial motions for such relief. The change of circumstance contemplated by that section are those of a fixed and continuing nature [*Seelig v. Seelig, supra*, l.c. 146] and not the experience of a random year. The court could have readily found from the evidence that the reduced earnings by the father merely reflected a temporary employment condition and not a substantial change of circumstance, while the needs to be met by the judgment remained unchanged.

As to the denial of modification of the mode and extent of visitation, there was substantial evidence that however much each parent loved the child, their mutual disaffection reflected in an incipient impairment of her physical and emotional health. It is evident that the court considered that however far from ideal the present custody and visitation, any other arrangement was an experiment not yet to be risked.

The judgment rests on substantial evidence and is affirmed.

All concur.