Frank J. DOSS, Jr., Appellant,

v.

Janice DOSS, Respondent.

No. 43016.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 27, 1981.

Dennis Buchheit, Clayton, for appellant.

C. Clifford Schwartz, Jr., Clayton, for respondent.

REINHARD, Presiding Judge.

Husband appeals from the circuit court's order modifying the dissolution decree by reducing wife's monthly maintenance award to $575.00 per month and assessing $900.00 in attorney's fees against husband.

The parties were divorced in 1976 after 18 years of marriage. The dissolution decree awarded custody of the two minor sons to husband and awarded wife maintenance of $750.00 per month. Wife had not worked outside the home at any time during the marriage and possessed no special skills or training with which to support herself.

On October 23, 1979, husband filed a motion to modify the dissolution decree requesting the elimination of the maintenance award. Wife filed a counter-motion, asking that the maintenance award be increased. At the time of the modification hearing, wife was employed as a dental assistant making approximately $650.00 per month (gross). Her evidence indicated that her expenses exceeded the total of her take-home pay and monthly maintenance. Husband had remarried and one son had become emancipated. Husband's gross in-

come had increased from $55,000.00 to $63,-000.00 per year since the time of the dissolution. The court entered an order reducing the maintenance award from $750.00 to $575.00 per month and directed husband to pay wife's attorney's fees of $900.00. Husband appeals.

 Our review of the modification order is limited to whether it is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Husband contends that the fact of wife's present employment requires elimination of the maintenance award under § 452.335 RSMo. 1978. The modification of a maintenance award is governed, however, not by § 452.335, but by § 452.370 RSMo. 1978.[1]

Modification of a maintenance award is only warranted when, due to a substantial and continuing change in circumstances, the terms of the decree have become unreasonable, § 452.370. Here the trial court found such a change, and this finding is not challenged by either party. Having made such a finding the court was then required to balance husband's ability to pay against wife's reasonable needs. *Farnsworth v. Farnsworth,* 553 S.W.2d 485, 487 (Mo.App.1977). The court is not bound to change an award, dollar for dollar, in the amount of a change in one party's income as contended by husband.

Under the standards set out above and in light of the facts that wife's expenses exceed her net income (including maintenance) and that husband's income had increased, we cannot say that failure to reduce the award below $575.00 was error.

Husband next contends that the circuit court erred in admitting certain testimony relating to wife's mental condition and the financial contributions of husband's present wife. It is unnecessary to decide whether or not such testimony was properly admitted since its admission would not constitute reversible error in a court-tried case unless there is an absence of otherwise sufficient competent evidence to support the decree. *Broyles v. Broyles,* 555 S.W.2d 696 (Mo.App.1977). We have determined above that the order is supported by substantial evidence without the challenged testimony.

Finally, husband asserts that the court abused its discretion in awarding $900.00 in attorney's fees where wife's delay in answering interrogatories forced husband's attorney to file two motions for sanctions. The award of attorney's fees is left to the discretion of the trial court and is reviewable only for abuse of discretion. *Brueggemann v. Brueggemann,* 551 S.W.2d 853, 859 (Mo.App.1977).

Wife's attorney testified to fees of $1,000.00. It appears that the court took the delay necessitating the motions for sanctions into account in its award of $900.00. We find no abuse of discretion.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.

---

1. Section 452.335 governs the original grant of a maintenance award and provides that the court may grant an award of maintenance to a spouse only if it finds that that spouse lacks sufficient property to provide for his reasonable needs and that the spouse "is unable to support himself through appropriate employment . . . ." Section 452.370 governs the modification of support orders and requires the modification movant to make a showing of changed circumstances "so substantial and continuing as to make the terms unreasonable."

After the movant has satisfied the requirements of § 452.370 the court may refer to § 452.335 for guidance in determining the amount of the modification. *LoPiccolo v. LoPiccolo,* 581 S.W.2d 421, 424 n.2 (Mo.App. 1979). Nevertheless, § 452.335 is not controlling here.