James Charles WALLER, Appellant,

v.

Hilda Mae WALLER, Respondent.

No. 45370.

Missouri Court of Appeals, Eastern District.

Jan. 18, 1983.

Sandford J. Miller, Clayton, for appellant.

Frederick H. Schwetye, Union, for respondent.

CRIST, Judge.

Modification of maintenance award in favor of respondent wife. Appellant husband appealed. We affirm.

The party's marriage was dissolved October 7, 1975. In accordance with their property settlement, the court granted wife custody of their two children, Jacqueline, born November 7, 1963 and Jeanine, born December 7, 1961. The husband was ordered to pay wife $40.00 per week maintenance and $42.50 per week for support of each of their daughters.

On February 3, 1981, husband filed a motion to modify the dissolution decree. He requested custody of Jeanine and asked that he be relieved of the burden of her $42.50 weekly child support payments. On March 18, 1981, wife filed a cross-motion to modify the dissolution decree asking, among other things, for additional maintenance money. The trial court transferred custody of Jeanine to husband, dispensed with his child support obligation to wife as to Jeanine, but increased wife's maintenance to $65.00 per week. Husband says there was no substantial evidence to support the $25.00 per week increase in maintenance. We disagree.

■ In general our review of an order increasing a maintenance award is limited to whether it is supported by substantial evidence, whether it is against the weight of the evidence or whether it erroneously declares or applies the law. *Doss v. Doss,* 625 S.W.2d 637, 639 (Mo.App.1981). Appellant here, however, charges only that the court's decision to modify wife's maintenance award is not supported by substantial evidence.

■ Section 452.370, RSMo 1978 states a decree awarding maintenance may only be modified upon a showing of changed circumstances so substantial and continuing as to make its terms unreasonable. We find there was sufficient evidence adduced at trial for the court to have found a substantial and continuing change of circumstances.

At the time of dissolution, wife's actual capacity for work remained untested. The dissolution decree noted wife's inability to support herself "at this time" through appropriate employment. Wife had a high school education and had never acquired any special training or skills.

At the modification hearing wife testified she was working to her capacity as a part-time salad bar attendant at a steak house. She had held a higher paying job for a short time prior to her working at the steak house, but found the paperwork involved in that job too difficult and depressing for her so she quit. Wife further testified her expenses have greatly increased since 1975, her leg is greatly disabled and she tires easily due to childhood polio, and the spiraling inflation since 1975 has rendered her initial maintenance award greatly inadequate. After having found a substantial and continuing change in circumstances, the court went on to balance the husband's ability to pay against wife's reasonable needs. *Doss,* 625 S.W.2d at 639.

Husband said his wages had increased slightly since 1975. At the time of the hearing husband was earning $2,430.00 per month. His salary had increased from $25,518 in 1979 to $28,512 in 1980.

There was no testimony to the effect that wife was a work malingerer. Her work history bespeaks the necessity of increasing payments in order for her to have the absolute necessities of life. Accordingly, we find there was sufficient evidence for court to find changed circumstances of a substantial and continuing nature so as to justify an increase in maintenance.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.