In re the MARRIAGE OF Carolyn WALKER and Morgan R. Walker, Jr.

Carolyn WALKER, Petitioner-Respondent,

v.

Morgan R. WALKER, Jr., Respondent-Appellant.

No. 12964.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 21, 1983.

Loren R. Honecker, Springfield, for respondent-appellant.

F. Bennett Lilley, Mountain Grove, for petitioner-respondent.

MAUS, Presiding Judge.

By this appeal the husband seeks a reduction of increased child support granted upon the wife's motion to modify. By his answer, in the nature of a counter motion, the husband sought orders concerning custody and the payment of medical bills. A summary of the facts will be tersely stated. Both parties presented and permitted the presentation of evidence of expenses in gross approximations and without differentiation between the expenses of the children involved and the parents and spouse. Those items will be so treated by the court.

The marriage was dissolved in September 1979. The wife was awarded custody of the four children. Their ages were then fourteen, nine, three and two years. At the time of the modification hearing, the husband was paying child support of $75 per month per child. Following the modification hearing, a judgment was entered on the motions on September 1, 1982. By that judgment, the court made provision for specific visitation by the husband and related matters. Those provisions are not in issue. The judgment also provided for the husband to pay child support increased from $75 per month per child to $175 per month per child. The husband, recognizing *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), contends this modification is not sup-

ported by the evidence and is contrary to the law.

■ Section 452.340 directs that in fixing child support a court shall consider all relevant factors, including six specifically stated factors. The latter included a father's primary responsibility for the support of his child and the financial resources and needs of the non-custodial parent. The precepts announced in the decisions for guidance in following § 452.340 are legion. Only those most directly applicable will be noted. A determination of the amount to be paid requires a balancing of the needs of the children and the ability of the father to pay. *In re Marriage of Engelhardt,* 552 S.W.2d 356 (Mo.App.1977). The earning capacity of the mother may not be ignored. § 452.-370.1; *Brueggemann v. Brueggemann,* 551 S.W.2d 853 (Mo.App.1977). The child support should not be so great as to destroy the father's incentive or impair his position. *Morris v. Morris,* 549 S.W.2d 363 (Mo.App. 1977); *S____ v. S____,* 514 S.W.2d 1 (Mo. App.1974).

■ Upon the dissolution, the wife was operating a service station and related business producing a net income of approximately $1,000 per month. As a result of cash flow and other financial problems, the lease on the business premises was terminated. The business failed. The wife took bankruptcy. She unsuccessfully tried a new business. She then held a series of odd jobs, including picking up field stones and cutting wood. At the time of the hearing, she was unemployed. She was not actively seeking work. Her monthly income consisted of $300 child support and food stamps of $204. She received aid from a church and friends and other sources. She owned some miscellaneous assets of unestimated value remaining from her business. From a description of those assets, they could have a value of some consequence. She estimated the living expenses for herself and the children to be approximately $1,234 per month. These facts establish a change in circumstances mandated by § 452.370; *Nagel v. Nagel,* 561 S.W.2d 693 (Mo.App.1978).

At the time of the dissolution, the husband was employed by the Missouri Highway Patrol. He was yet so employed at the time of modification. In the interim he too had taken bankruptcy. He had received a 6 per cent increase in salary. At the time of modification, his monthly take home pay was $1,174.20 plus $30 for expenses. He had remarried. His new wife has custody of a fourteen-year-old daughter by a prior marriage. She received $100 per month child support. She also received $63 per week unemployment compensation. In this connection, it is appropriate to note the court is directed to "consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed." § 452.370.1.

The husband estimated their total monthly expenses to be approximately $1,200 per month, which included his child support payments of $300 per month. Ironically, at one point, he testified the monthly expenses attributable to his fourteen-year-old stepdaughter were $300 per month. In addition, he reported indebtedness of approximately $5,000 due his father and mother-in-law and the need to make payments thereon.

■ The husband cites his take home pay of $1,174.20, his monthly expenses of $1,200.00 and his indebtedness. He argues he is unable to pay child support in excess of $300 per month. He does not take into account the sharing of living expenses by his spouse. § 452.370.1. Nor does he include a payroll savings deduction of $25 per month. The same is true of his income tax refund, which will be of a substantial amount. Consideration of all relevant factors demonstrated the husband can pay increased child support.

■ This court is extremely reluctant to reconsider the amount of that increased support. In the vast majority of cases the doctrine of *Murphy v. Carron,* supra, makes that reconsideration not only unnecessary, but improper. However, if an award is

clearly contrary to applicable precepts, such as those above cited, it is the duty of this court to adjust the award. *Farnsworth v. Farnsworth,* 553 S.W.2d 485 (Mo.App.1977). This is true even though the result may be viewed as second guessing and perhaps nit picking. There must be considered the unused assets of the wife and her earning capacity. § 452.370; *Brueggemann v. Brueggemann,* supra. The husband's income before the trial court has been stated. Based upon that income, child support increased from a total of $300 per month to $700 per month is destructive of his incentive to continue in gainful employment. *S____ v. S____,* supra. It does not represent the required balancing of the demonstrated income and the other applicable factors. The judgment of the trial court is modified to provide for increased child support in the amount of $135 per month per child. Compare *Oberkrom v. Oberkrom,* 608 S.W.2d 449 (Mo.App.1980); *Eastes v. Eastes,* 590 S.W.2d 405 (Mo.App.1979); *S____ v. S____,* supra. Otherwise, the judgment of the trial court is affirmed as so modified.

HOGAN and PREWITT, JJ. concurred.