**In re the MARRIAGE OF Margie Lee HOGLEN, Petitioner-Appellant,**

**and**

**John Hoglen, Respondent.**

**No. 13509.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 29, 1984.

180

Robert W. Stillings, Springfield, for petitioner-appellant.

H. Lynn Henry, Henry, Henry & Henry, P.C., David Dunlap, West Plains, for respondent.

GREENE, Judge.

Prior to March 10, 1978, Margie Lee Hoglen and John Hoglen were husband and wife. On that date, acting on a joint petition, separation agreement, and addendum thereto executed by the parties, the trial court entered a judgment of legal separation which provided, among other things, that Margie receive 1) custody of the minor child of the parties, 2) $300 a month as child support, and 3) $100 a month as maintenance. In addition, John was ordered to keep in force a health insurance policy providing benefits for Margie and the child.

On January 17, 1980, the trial court, after a hearing on a motion filed by John to convert the decree of legal separation into a decree of dissolution, sustained the motion and entered a decree of dissolution. The pertinent portions to this appeal read as follows:

> The Court further finds that coverage under the current policy of hospitalization insurance referred to in Paragraph 13 of the Separation Agreement dated December 2, 1977, will cease as to petitioner-wife upon the dissolution of the marriage of the parties; that the petitioner-wife has various medical problems

which may require medical care; and that the current cost of obtaining comparable medical insurance coverage for petitioner-wife is $77.40 per month.

. . . .

It is further ordered that the parties continue to perform and abide by the other terms and conditions of the Judgment and Decree Of Legal Separation filed March 10, 1978, which judgment and decree incorporated the parties' Separation Agreement and Addendum thereto; provided, however, the said Judgment And Decree Of Legal Separation is modified in one respect, that is:

Petitioner-husband shall pay to petitioner-wife maintenance in the sum of $77.40 per month, payable on the 15th day of each month beginning February 15, 1980, subject to modification; and henceforth petitioner-husband shall have no obligation to provide petitioner-wife health and/or hospitalization insurance.

John began making the payment of $77.40 in lieu of providing health insurance for Margie, and continued to pay her the $300 a month child support and $100 a month maintenance provided for in the judgment of legal separation. The cost of health insurance for Margie increased each year until it reached $139.83 a month. John then changed attorneys. His new attorney interpreted the divorce decree to mean that the $100 a month maintenance provision in the initial separation decree no longer applied, and that John's only maintenance obligation was the $77.40 per month mentioned in the dissolution decree. The new attorney then sued Margie on John's behalf.

Count I of the petition was a motion to modify the divorce decree by reducing the child support and reducing, or eliminating, maintenance, citing changed economic circumstances of the parties as the basis for the motion. Count II asked for reimbursement to John of over payments allegedly made to Margie. Margie then filed a counter motion to modify the divorce decree by increasing the amount of child support and maintenance awarded to her in the decree.

She also filed a motion for a nunc pro tunc order correcting the dissolution decree. This motion was sustained.

The pertinent portions of the nunc pro tunc order amending the dissolution decree read as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Decree of Dissolution of Marriage entered on January 17, 1980, be amended in the following respects:

1. The following provisions shall be deleted:

'It is further ordered that the parties continue to perform and abide by the other terms and conditions of the Judgment and Decree of Legal Separation filed March 10, 1978, which judgment and decree incorporated the parties' Separation Agreement and Addendum thereto; provided, however, the said Judgment and Decree of Legal Separation is modified in one respect, that is:

Petitioner-husband shall pay to petitioner-wife maintenance in the sum of $77.40 per month, payable on the 15th day of each month beginning February 15, 1980, subject to modification; and henceforth petitioner-husband shall have no obligation to provide petitioner-wife health and/or hospitalization insurance.'

2. In lieu of said provisions, the following provisions shall be inserted:

'It is further ordered that petitioner-husband shall pay to petitioner-wife maintenance in the sum of $77.40 per month, in lieu of the policy of hospitalization insurance referred to in paragraph 13 of the Separation Agreement executed by the parties on the 2nd day of December, 1977. Said payments shall be payable on the 15th day of each month, beginning February 15, 1980, subject to modification by the Court.

It is further ordered that all other terms of the Separation Agreement shall remain in full force and effect, including the $100.00 per month maintenance provision contained in Paragraph 12 of the Addendum to Separation Agreement. Total maintenance shall be $177.40 per

**182**

month. All other orders contained in the Decree of Legal Separation dated March 10, 1978, shall also remain in full force and effect.'

3. In all other respects, the Decree entered by this Court on January 17, 1980, shall remain in full force and effect.

A successor trial judge heard evidence on the pleadings of John and Margie, and thereafter entered judgment in favor of Margie and against John on Counts I and II of John's petition, and for John and against Margie on her motion to modify. Each party was ordered to pay their own attorney fees.

Margie appealed, claiming the judgment was not supported by the evidence and was against the weight of the evidence, and that the denial of attorney fees to her was an abuse of the trial court's discretion.

 The judgment of the trial court should be upheld if there is substantial evidence to support it, if it is not against the weight of the evidence, and if the judgment is not based on any erroneous declaration or application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Our review of the record convinces us that the evidence fully justified the result reached. Even though Margie's health insurance premiums had risen by $62.43 a month since the date of the decree, her other expenses had decreased. She had sold her home, receiving $34,000 from the sale, and had purchased another home jointly with her mother. Margie only paid $14,000 as her share of the purchase price. She bought a new car for $8,200, and paid cash for it. She pays no rent or mortgage payments, and her living expenses are reduced since they are shared by her mother. We fail to see where Margie's economic circumstances have worsened since the date of the dissolution. Margie was required to prove that enforcement of the present decree was unreasonable. *Doss v. Doss*, 625 S.W.2d 637, 639 (Mo.App.1981); § 452.370, RSMo 1978. She failed to do so.

■ As to Margie's claim for attorney fees, an order requiring one party to a motion to modify to pay attorney fees and litigation expenses of the other is justified only upon the showing of "very unusual circumstances" justifying deviation from the general rule that each party to litigation bear his own costs. *Bryson v. Bryson*, 624 S.W.2d 92, 99 (Mo.App.1981). We do not find such circumstances here.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.