**Thelma I. HUFF,
Petitioner–Respondent,**

v.

**Lawrence M. HUFF,
Respondent–Appellant.**

**No. 15420.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 15, 1988.

Stephen P. Carlton, Johnson & Carlton, Carthage, for respondent-appellant.

David C. Dally, Crandall, Crawford, Crandall & Dally, Carthage, for petitioner-respondent.

MAUS, Judge.

In response to the husband's motion the trial court terminated supplemental quarterly maintenance payments. It did not modify monthly maintenance and child support payments. The husband appeals.

The case was presented with commendable brevity. The marriage of the parties was dissolved on March 17, 1981. A separation agreement was approved. Two sons were placed in the custody of the wife. She was awarded child support of $315 per month. She was also awarded maintenance of $200 per month and in addition quarterly maintenance payments of $300 each. The latter payments coincided with the times the husband received commission and bonus payments.

At the time of the dissolution, the husband was employed as a salesman and para-veterinarian by De Kalb. He estimated when employed he made $35,000 per year; the wife estimated in 1980 he brought home $20,000–22,000. The wife was employed at a hospital at approximately $4.29 per hour. The record contains no evidence concerning their property or the property distribution. Nor does it present any evidence of the expenses of the parties at that time.

At the time of the hearing on July 29, 1987, the husband was 62 and the wife was 56. The husband has had a malignancy and in April of 1986 suffered a stroke. He was in a rehabilitation hospital until August, 1986. He then returned to his home in Fayetteville, Arkansas, where he lives with his present wife. He is permanently disabled. He was placed on disability in October, 1986. Insurance paid 90% of his extensive medical expenses. He receives monthly social security of $794 and disability insurance of $894. This disability payment will terminate when he is 65. In January and February of 1987 he received two installments of retirement funds totaling $100,000. This sum is presently invested at 6%. Each month he pays $1,000 for in-home nursing care and $100 for medical supplies. There is no other itemization of his expenses. He stated that in some months his monthly income of $1,688 was not sufficient to meet his expenses and he had to "dip into the equity." After April 1986 the husband had paid the wife a total of only $500.

The wife is still employed at the hospital. She makes $5.29 per hour. Under the separation agreement, she received $90,000 of the husband's retirement funds. She paid debts of $20,000 and invested the balance. A portion was invested in an IRA and is not available without penalty until she is 59½. She was unable to more fully characterize her investments and did not know the rate of return. The eldest son was 24 years old at the time of the hearing. The youngest son, 19 years old, was living with his mother. He was attending college. A grant covered his college expenses for 1986–87. It was expected such expenses would be paid from a similar source, including a program of the husband's former employer, for 1987–88. In the summer he worked 40 hours per week at $6.00 per hour. During college he worked 20–25 hours per week at McDonalds. The wife did not know his wage rate. He retains the money he earns. He buys groceries sometimes. The wife pays the son's car insurance which is $800 per year. She testified that during the school year "I usually have to help him out." Each month she has a house payment of $175, and payments of $60 for siding on the house. She also pays $70 per month on a resort property she bought at Branson. There was no further itemization of her expenses.

The trial court expressly found "there has been a substantial and continuing change of circumstances" requiring modification of the decree. As stated, it terminated the quarterly maintenance payments of $300. The husband contends the monthly maintenance and child support payments should be terminated or reduced.

Modification of a maintenance award is only warranted when, due to a substantial and continuing change in circumstances, the terms of the decree have become unreasonable, § 452.370. Here the trial court found such a change, and this finding is not challenged by either party. Having made such a finding the court was then required to balance husband's ability to pay against wife's reasonable needs.

*Doss v. Doss*, 625 S.W.2d 637, 639 (Mo.App. 1981). Also see *Farnsworth v. Farnsworth*, 553 S.W.2d 485 (Mo.App.1977). It is obvious that frequently the balancing of ability and needs will result in adjustment in a standard of living. "Reduction of support awards is justified if the party owing support can show involuntary financial reverses or unemployment causing severe financial difficulty." *Hutcherson v. Hutcherson*, 553 S.W.2d 487, 488 (Mo.App.1977).

The record does not include a summary of the property owned by or living expenses of either party at the time of the hearing on the motion. With the exception of the items hereafter mentioned, the parties apparently determined there was nothing extraordinary about those factors that had a bearing upon the issues presented.

The disabled husband has the following monthly income: Social security—$794; disability—$894; and interest of approximately $500. His unreimbursed medical expenses are $1,100 per month. His disposable monthly income for living expenses is $1,088 less income taxes. He testified that most months he has to use his capital for living expenses. Of importance is the fact $894 of his monthly income will terminate when he is 65.

Available for the wife's living expenses are her earnings of approximately $610 per month and an unstated return on an investment of $70,000. There must also be considered the income of the son living with her. "While the custodial parent may give a child a license to work and retain his earnings, those earnings should be considered as a factor in a child support modification." *Vinson v. Vinson*, 628 S.W.2d

376, 378 (Mo.App.1982). The son's income is approximately $5,730 per year.

The wife does not complain of the retroactive termination of the quarterly maintenance payments of $300. However, she argues this is sufficient relief because "the only evidence produced was a decrease in Respondent/Appellant's earnings reflected only in the termination of his quarterly bonuses from his former employer." This argument is based upon her testimony the husband did not "bring home" more than $20,000–22,000 in 1980. This is not necessarily inconsistent with the husband's testimony that before his disability he earned approximately $35,000 per year. It is not necessary to arrive at the prior and present net income of the husband after the deduction of income taxes. The wife's argument ignores the husband's medical expenses of $1,100 per month. The husband's testimony established that the balance of his income is not sufficient for his living expenses. Any payments for maintenance and child support must primarily come from his capital.

As stated, the trial court determined the husband's payments should be reduced.

This court is extremely reluctant to reconsider the amount of that [decreased] support. In the vast majority of cases the doctrine of *Murphy v. Carron*, [536 S.W.2d 30 (Mo. banc 1976)], makes that reconsideration not only unnecessary but improper. However, if an award is clearly contrary to applicable precepts, such as those cited, it is the duty of this court to adjust the award. *Farnsworth v. Farnsworth*, 553 S.W.2d 485 (Mo.App.1977).

*In re Marriage of Walker*, 661 S.W.2d 65, 67 (Mo.App.1983). It is not reasonable to require the husband to pay the present amounts of monthly maintenance and child support, primarily from his capital, while the wife usually helps out the son, invests $70 per month in resort property and does not utilize the income potential from her capital of $70,000. Measured by the precepts referred to, it is reasonable that the husband pay the wife $100 per month for maintenance and $50 per month for child

support, effective commencing August, 1987. Such payments will more or less equalize the disposable income of each party. The decree of the trial court is modified to so provide and as so modified, it is affirmed.

FLANIGAN, P.J., and HOGAN and PREWITT, JJ., concur.