William P. SCHUCHARD, Appellant,

v.

Theresa T. SCHUCHARD, Respondent.

No. ED 92124.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 18, 2009.

Merle L. Silverstein, St. Louis, MO, for appellant.

Richard J. Eisen, Andrea N. Perry, St. Louis, MO, for respondent.

KENNETH M. ROMINES, C.J.

## Introduction

William P. Schuchard appeals the Judgment of the Circuit Court of St. Louis County, the Honorable Mary Bruntrager Schroeder presiding. The Circuit Court denied Schuchard's motion to modify the maintenance provision entered on 30 June 2001 regarding the dissolution of the marriage between him and Theresa T. Schuchard. We Reverse and Remand.

## Factual and Procedural Background

The marriage of William P. Schuchard (Husband) and Theresa T. Schuchard (Wife) was dissolved on 30 June 2001. Pursuant to the judgment Husband was ordered to pay $2,500 per month in modifiable maintenance. Wife was considered employable and capable of earning $25,000 per year. The year prior to dissolution Husband's income was $190,282. On 1 January 2008, due to "stress and overwork," Husband retired from Washington University where he earned $104,914 in the year 2007. His total income for the year 2007 was $132,360.

Wife works as a teacher's aid at Special School District making approximately $17,000 per year. Wife lives with her best friend and life partner, Kate Lauly. They share four bank accounts as joint tenants where both of their salaries are deposited and from which they pay their living expenses.

On 10 September 2007 Husband filed a motion to modify the judgment, requesting that the Circuit Court decrease or terminate his maintenance obligation to Wife. On 25 August 2008 the Circuit Court denied Husband's motion finding that Husband's reduction in income was voluntary

and that Wife could not meet her reasonable needs without maintenance. Husband then filed a motion to amend the judgment or in the alternative for a new trial, the motion was denied.

## Points On Appeal

Husband raises three points on appeal. First, Husband argues that the Circuit Court erred in denying that a live-in-partner who shared living expenses with Wife showed a substantial and continuing change in circumstances causing the present judgment as to maintenance to be unreasonable. Second, Husband argues that the Circuit Court erred in denying that his termination of employment as a professor was voluntary. Finally, Husband argues that the Circuit Court erred in denying that Wife failed to make a good faith effort to seek employment and achieve financial independence within a reasonable time after dissolution.

## Discussion

We will affirm the Circuit Court's Judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We accept as true the evidence and all reasonable inferences favorable to the judgment and disregard all contrary evidence and inferences. *Persky v. Persky*, 96 S.W.3d 910, 913 (Mo.App. E.D.2003).

On a motion to modify, the movant has the burden to establish changed circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable. § 452.370 RSMo 2000. Changed circumstances sufficient to support modification must be proven by detailed evidence that renders the original maintenance award unreasonable. *Nelson v. Nelson*, 14 S.W.3d 645, 650 (Mo.App. E.D.2000).

### I

Husband first claims that the court erred in not finding that wife's life partner greatly reduced or eliminated Wife's need for maintenance to keep up her normal standard of living. In a proceeding for modification of a maintenance award, a trial court must "consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits." Mo.Rev.Stat. § 452.370.1 (2004). "There is a basic unfairness in requiring a prior spouse to continue support of a spouse who has entered into a long term or permanent relationship having some of the benefits of marriage but few of the detriments." *Herzog v. Herzog*, 761 S.W.2d 267, 268 (Mo.App. E.D.1988). Substantial continuing support from a third party, even without a permanent relationship, may justify a modification as a changed condition. *Id.* at 269.

Here, Wife specifically presented Lauly to the Court as her "life partner". They share a residence and they are joint tenants of four bank accounts where both of their salaries are deposited. All of Wife's expenses were paid out of these bank accounts. Arising from these facts is the unavoidable conclusion that Wife has benefited financially from substantial and continuing support from Lauly. Though their relationship is not legally permanent, it justifies a modification of maintenance as a changed condition which makes the terms of the original dissolution agreement unreasonable. Equitable principles warrant a conclusion that Wife's rights to support from the prior marriage have been abandoned in whole or in part.

Lauly's contribution to the bank accounts is a substantial changed circumstance because it reduced Wife's need for maintenance from Husband to keep up her normal standard of living. It was error for the Circuit Court to not consider this financial resource to Wife. The Circuit Court's decision on this point is reversed and remanded for further proceedings in accordance with this opinion.

## II

Husband's second claim is that the Circuit Court erred in finding that the termination of his employment as a professor was voluntary. A decrease in the earnings of a maintenance obligor is insufficient to support a modification unless the decrease was involuntary and continuous. *Bohac v. Akbani*, 29 S.W.3d 407 (Mo.App. E.D.2000). Here, Husband's decision to leave his job was voluntary. Husband had no physical injury preventing him from completing the work assigned to him. Additionally, Husband was not subject to a hostile work environment. Thus, Husband voluntarily opted for early retirement from Washington University. Husband has also not shown that his reduction in income will be continuous. Husband's decrease in earnings is insufficient to support a modification. Point denied.

## III

Husband's final claim is that the Circuit Court erred in not finding that Wife failed to make a good faith effort to seek financial independence. The failure of the supported spouse to make a good faith effort to achieve financial independence within a reasonable time after dissolution may form the basis for modification of a maintenance award. *Hileman v. Hileman*, 909 S.W.2d 675, 679–80 (Mo.App. E.D.1995). Here, for the previous five years Wife worked full time during the school year as a teacher's aid. Wife was unemployed for many years prior to dissolution. There was not evidence at trial that sufficiently showed that Wife was able to find a job that would allow her to more completely support herself. Husband did not show that there was a lack of effort to find higher paying employment which amounted to a change in circumstance sufficient to support termination of maintenance. Point denied.

## Conclusion

The Circuit Court erroneously applied the law when it denied Husband's motion for modification because Wife has substantial continuing support from a third party which justifies a modification of maintenance as a changed condition. The judgment is reversed and remanded for further proceedings in accordance with this opinion.

CLIFFORD H. AHRENS, J., and ROY L. RICHTER, J., concur.