In re the Marriage of Paul
J. PASSANANTE,
Respondent,

v.

Rebecca J. PASSANANTE, Appellant.

No. ED 96659.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 6, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 10, 2012.

Application for Transfer
Denied May 29, 2012.

---

Justin C. Cordonnier, Erin E. Rathjen–Decker, St. Louis, MO, for appellant.

Lawrence G. Gillespie, Clayton, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The wife, Rebecca Passanante, appeals the judgment entered by the Circuit Court of Warren County in favor of the husband, Paul Passanante, terminating the wife's maintenance award and denying her request for attorney's fees. Because no substantial evidence supports the trial court's judgment that the husband established a continuing change in circumstances through the reduction of his income, we reverse the termination of maintenance. Because the wife failed to deposit with this Court all exhibits necessary for the determination of the issue of attorney's fees, we affirm the portion of the judgment denying her an award of attorney's fees.

The parties were divorced in 2004 after twenty years of marriage. At the time of dissolution, the husband was a partner in a law firm, earning a salary of about $800,000 per year. The wife worked part-time at a preschool, earning about $12,000 per year. The parties entered into a separation agreement whereby the husband agreed to pay the wife $7,000 per month in modifiable maintenance. The dissolution court incorporated the agreement into its decree. The parties also agreed to a division of the marital property that left each of them with approximately $1 million in marital assets. Following the divorce, the husband purchased and renovated a home in Ladue at a total cost of about $1 million, a home he still owned at the time of trial.

The wife sold the marital residence and moved to a less expensive condominium. She rented a room to a boarder and worked at an assortment of part-time jobs. The wife received $1,935 in interest and dividends in 2009.

The husband continued working with his law firm, where, he testified, his income varied "wildly," reaching $1.6 million in 2008. At the end of 2008, however, the husband left his law firm as the result of management differences with his partner, and established his own law firm. The husband took somewhere between ten and eighteen files to his new firm, and three attorneys and a few staff members accompanied him. As he worked to establish his fledgling firm during 2009, the husband also developed his 47–acre property in rural Franklin County, where he and his current wife built a very expensive home, barn, and lake, nearly tripling the husband's monthly mortgage obligations.

In December 2009, the husband notified the wife that he could not pay her maintenance "unless and until [he] start[ed] making some money." In March 2010, the wife filed a motion to cite the husband with contempt. The husband responded with a motion seeking termination of his maintenance obligation. The husband brought his maintenance obligation current, along with twelve percent interest. The court held a trial on the husband's motion to terminate maintenance shortly thereafter, in November 2010.

At trial, the husband testified that his new firm—a professional corporation of which he is the sole shareholder—had lost between $500,000 and $600,000 since its inception two years earlier, and that he received no income from his firm. He explained that he had depleted his savings between operating the new law firm and developing his real-estate holdings. The husband testified that he spent about $80,000 per month on attorney and staff

salaries and other overhead, and that he was still giving his employees bonuses and raises. He also stated that he had cases in progress that he hoped would allow him to take a salary from the firm. The husband's income and expense statement revealed that he spent nearly $15,000 per month to pay the mortgages on his Ladue and Franklin County properties. He included his current wife's expenses in his statement of income and expenses, but did not include any income for her as a retiree from the state legislature.

The trial court found a substantial and continuing change in circumstances. The trial court terminated maintenance, stating that "[t]here is no evidence whatsoever to suggest that [the husband] has voluntarily chosen to lose money, rather than make money, practicing law." The trial court concluded that clearly the husband's financial plight was involuntary, and constituted "a substantial and significant change in circumstances that, in and of itself, requires modification of the maintenance agreement." The trial court also faulted the wife for failing to find full-time employment and to become self-supporting. The trial court opined that the wife had sufficient assets to support herself for the rest of her life. The trial court made no findings regarding the wife's reasonable expenses, the income that she could reasonably expect to earn in the local job market, the nature of her assets, the income that her assets could reasonably produce, or her life expectancy.

In three points on appeal, the wife challenges the trial court's termination of her maintenance award of $7,000 per month, and the court's denial of her request for attorney's fees. In her first point, the wife claims the trial court erred in determining that the husband's inability to pay the maintenance award resulted from an involuntary reduction in income that constitut-

ed a substantial and continuing change in circumstances. The wife argues that the husband voluntarily chose to leave a profitable partnership in order to form his own law firm while significantly increasing his living expenses. The wife asserts that the only reasonable explanation for husband's actions is that he must believe his decrease in income is temporary.

■■■ We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Lindhorst*, 347 S.W.3d 474, 476 (Mo. banc 2011); *Schuchard v. Schuchard*, 292 S.W.3d 498, 500 (Mo.App. E.D.2009). On a motion to modify a maintenance award, the movant has the burden to establish changed circumstances that are so substantial *and* continuing as to make the terms of the award unreasonable. Section 452.370.1 RSMo. (2000) (emphasis added); *Schuchard*, 292 S.W.3d at 500.

■■■ A decrease in the maintenance obligor's earnings does not suffice to support a modification unless the decrease was involuntary and continuous. *Id.* at 501. The change of circumstance that section 452.370.1 contemplates are those of a fixed and continuing nature, not the experience of a random year. *Langwell v. Langwell*, 559 S.W.2d 65, 67 (Mo.App. K.C.D.1977). In other words, we consider whether an alleged change in circumstances will be permanent. *See Lee v. Gornbein*, 124 S.W.3d 52, 57 (Mo.App. W.D.2004) (evidence does not show that husband's decrease in income is permanent); *In re Marriage of Hammerschmidt*, 48 S.W.3d 614, 620 (Mo.App. E.D. 2001) (court may consider that husband nearing retirement age when determining likelihood that decrease in income will be permanent).

The husband failed to establish that the decrease in his income is of a continuing or permanent nature. The husband pointed only to 2009 and 2010 to demonstrate his loss of income, yet he acknowledged that his former firm's income varied "wildly." In fact, the husband's income doubled from about $800,000 in 2004 to about $1.6 million in 2008. We can only conclude that the husband's income remains subject to substantial fluctuation. Indeed, the husband stated that he continued to pay $84,000 per month in salaries and other overhead for his firm, that he gave his employees raises and bonuses, and that he had cases in progress that he hoped would allow him to take a salary. Obviously, the husband would only continue to incur these heavy expenses if he anticipated a probable return to profitability of his practice.

Furthermore, during the two years preceding trial, the husband greatly increased his living expenses while his new firm lost money and he drew no income, developing a country property with amenities at a cost of $2.5 to $3 million. The husband's earnings history, his testimony that he hoped to draw a salary in the future, and his expenditures in continuing to operate his firm undercut a finding of a continuing change in circumstances. The husband argues that changes in tort law have operated to permanently reduce his income. While this may ultimately prove to be the case, we cannot conclude that the decrease in income is of a continuing or permanent nature based only on consideration of this transitional two-year window.

The trial court erred in terminating the husband's maintenance obligation because substantial evidence does not support the court's finding of a continuing change of circumstances. Because we conclude that the husband failed to establish a continuing change of circumstances, we need not consider whether his decrease in income was voluntary. We grant the wife's first

point, and reverse the trial court's judgment modifying maintenance.[1]

In her second point, the wife claims the trial court erred in determining that she had failed to make reasonable efforts to become self sufficient and that she had sufficient assets with which to support herself.[2] The trial court determined that the husband's reduction in income "in and of itself, require[d] modification of the maintenance agreement." Because we have determined that the husband failed to prove a substantial and continuing change in circumstances, we need not consider the wife's second point.

In her third point, the wife claims the trial court erred in failing to award her attorney's fees. The parties' separation agreement, incorporated into the dissolution judgment, provides that if any provisions of the agreement become the subject of enforcement proceedings between the parties, then the prevailing party shall be entitled to reasonable costs and attorney's fees. At trial, the wife introduced exhibits as evidence of her attorney's fees and expenses, but on cross-examination she confirmed that those bills included fees for work on both the motion for contempt and the motion to modify. We do not have these exhibits in the record before us. The appellant bears responsibility for depositing all exhibits necessary for the determination of any point relied on. Rule 81.12(e). Because we cannot determine from the trial transcript what portion of the wife's attorney's fees and costs are attributable to the contempt proceedings and what portion are attributable to the modification proceedings, we deny the wife's third point.

We reverse the judgment terminating the husband's maintenance. We affirm only that portion of the judgment denying the wife's request for attorney's fees. We remand the cause to the trial court with instructions to enter judgment denying the husband's motion to modify and ordering the husband to continue paying mainte-

1. Should the husband's reduction in income indeed persist, he is free to seek modification of his maintenance obligation based on a substantial and continuing change in circumstances occurring since the date of the parties' dissolution. An original judgment or modification is res judicata as to the facts and conditions on which the award rests. *Langwell*, 559 S.W.2d at 66. Thus, in considering whether a sufficient change in circumstances has occurred, we look to the date of the last prior modification. *Baker v. Baker*, 60 S.W.3d 19, 22 (Mo.App. E.D.2001); *Farnsworth v. Farnsworth*, 553 S.W.2d 485, 487 n. 1 (Mo.App.St.L.D.1977). Here, given our reversal of the termination of maintenance, there is no prior modification.

We recognize that some cases announce that a prior judgment denying modification begins the period to which we look to determine whether a substantial change in circumstances has occurred. *In re Marriage of Parrett*, 793 S.W.2d 911, 915–16 (Mo.App. S.D. 1990); *Hopkins v. Hopkins*, 591 S.W.2d 716, 720 (Mo.App. E.D.1979)(citing *Farnsworth*, 553 S.W.2d at 487 n. 1). This would be true,

however, only as to those facts and conditions that were fully litigated in denying a prior motion for modification because only those facts and conditions would be *res judicata*. Here, we reverse the judgment based on a lack of evidence of the *continuing* nature of the husband's decrease in income. Therefore, at some future point, the husband may present evidence of the continuing nature of his decrease in income from the time of the original dissolution. The husband would not be limited to the period since entry of the judgment at issue here. The issue that might arise in a future motion to modify—whether a decrease in income is of a continuing or permanent nature at that time—would not, of course, have been fully litigated in this earlier modification action.

2. We observe that it is well-established that a party is not required to consume her share of marital property before receiving maintenance, *Hill v. Hill*, 53 S.W.3d 114, 116 (Mo. banc 2001), or in order to retain a maintenance award, *Leslie v. Leslie*, 827 S.W.2d 180, 183 (Mo. banc 1992).

nance to the wife in the amount of $7,000 per month.

KATHIANNE KNAUP CRANE, PJ., and KENNETH M. ROMINES, J., concur.