Deneen YOUNG, Respondent,

v.

Richey Duane YOUNG, Appellant.

No. 54617.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 27, 1988.

Elaine C. Bachman, Clayton, for appellant.

Patrick J. Connaghan, St. Louis, for respondent.

CRIST, Judge.

Father appeals the March 17, 1988 denial of his motion to modify a September 17, 1984 dissolution decree requiring him to pay $50 per week to mother for the support of their three-year-old daughter. We affirm.

Father asserts mother obtained the original dissolution decree granting the $50 per week child support award through fraud. He contends she had agreed to accept $25 per week, that she misinformed him of the time and place of the hearing, and that his reliance on her caused him to miss the hearing at which the dissolution decree was granted. The sequence of court events following the dissolution decree is important and is as follows:

11–30–84—Father filed a petition to set aside the September 17, 1984 dissolution decree asserting mother obtained the $50 per week child support order through fraud.

3–28–85—Father filed an amended petition restating as Count I his action to set aside the decree and added in Count II an alternative motion to modify because of a change in circumstances since the September 17, 1984 decree.

1–28–88—A hearing was held on the count to set aside the dissolution decree.

2–8–88—The petition to set aside the September 17, 1984 dissolution decree was denied.

3–16–88—A hearing was held on the motion to modify.

3–17–88—The trial court entered its judgment denying father's motion to modify.

Father only appeals the denial of the motion to modify. He first asserts the trial court erred in not reducing his support obligation because he has remarried, has a child of this marriage, and is supporting his new wife's two children.

 Father's remarriage and voluntary assumption of support of his stepchildren is immaterial to the determination of his obligation to support his own child. *Donnelly v. Donnelly*, 648 S.W.2d 898, 900[5] (Mo.App.1983); *Hargus v. Hargus*, 222 S.W.2d 964, 966 [3, 4] (Mo.App.1949). The birth of father's child of the second marriage is a factor to consider as to father's ability to pay, *Cf. Farnsworth v. Farnsworth*, 553 S.W.2d 485, 486[2] (Mo. App.1977) (factor as to father's ability to pay maintenance), however, the court did not abuse its discretion by not reducing father's support of obligation for his first child. Father's income has increased substantially since the dissolution decree, and there was no showing of any decrease in the needs of the first child. This point is denied.

Father also asserts the trial court erred by not reducing his support obligation because, he contends, the original decree was erroneous because it was excessive in relation to his income and in excess of the suggestive guidelines for support published by the Missouri bar.

 Father did not appeal the original decree. Nor has he appealed the judgment denying his petition to overturn the dissolution decree on grounds of fraud. The original child support decree is res judicata as to the facts and circumstances on which that award was based. Father can obtain modification only on proving a substantial and continuous change in circumstances since the original decree. *Langwell v. Langwell*, 559 S.W.2d 65, 66[1] (Mo.App. 1977); *see also Berman v. Berman*, 701

S.W.2d 781, 786 [6, 7] (Mo.App.1985). Point denied.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.