**Robert Louis WEBER, Appellant,**

v.

**Judith Lynn WEBER, Respondent.**

**No. 57458.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 30, 1990.

Robert L. Weber, St. Louis, pro se.

Richard S. Bender, Clayton, for respondent.

CRIST, Judge.

Husband appeals the trial court's order sustaining wife's motion to modify their dissolution decree and denying husband's oral motion to have payments made directly to the minor son under § 452.340.5, RSMo 1989. We affirm.

Husband and wife's marriage was dissolved in May, 1977. Wife was granted custody of the parties' two children and husband was granted visitation rights. Husband was ordered to pay child support in the amount of $150 per child per month, increasing to $175 per child per month after one year.

In January, 1982, the parties agreed by consent motion and stipulation to modify the dissolution decree, with the modification providing that husband's support payments would increase to $225 per month per child.

On April 7, 1988, wife filed a motion to modify the decree. She alleged since the 1982 modification the costs of feeding and clothing the children have increased, the cost of educating the oldest child has increased because he entered college, and necessary counseling for the children added to the costs of raising them.

Husband's salary has increased from $42,800 in 1982 to $56,000 in 1989, and his present wife also contributes a portion of her $29,000 salary to their expenses. Wife's salary has increased from $16,000 in 1982 to $27,600 in 1988. The evidence showed that food expenses for the children were approximately $450 per month. The oldest child had entered college and was of driving age. The expenses of operating an automobile, including insurance and maintenance, were presented to the court. The increased cost of education associated with attending college, including books, transportation, and activity fees was also presented to the court. Husband moved to dismiss wife's motion.

The court sustained wife's motion for modification, increasing the child support to $408 per child per month, and ordered that husband pay wife's attorney's fees in the amount of $1000. The court denied husband's oral motion for leave to amend

his pleadings to include a motion to pay support directly to the son in college. Husband appeals the increase in child support, the award of attorney's fees and the denial of his motion to pay support directly to his oldest child.

In order to warrant modification of a child support award, a petitioner must demonstrate a change of circumstances so substantial and continuing as to make the original award unreasonable. § 452.370.1, RSMo 1986; *In re Marriage of Burroughs,* 691 S.W.2d 470, 475[5] (Mo.App.1985). The trial court's judgment shall be sustained unless there is no substantial evidence, the verdict is against the weight of the evidence, the court has erroneously declared the law, or the court has erroneously applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976).

The increasing needs of growing children are valid reasons for modification if it is demonstrated that these conditions render the existing order unreasonable. *Burroughs,* 691 S.W.2d at 475[5]. College expenses are properly considered as bearing upon the amount of child support.

Increased expenses of the son, caused by additional educational and accompanying expenses, together with a substantial increase in the father's income, constitute sufficient changes for the trial court to increase child support. *In re Marriage of Goodrich,* 622 S.W.2d 411, 413[5] (Mo.App.1981). The daughter growing older, with an increase in her expenses, and an increase in husband's income, are sufficient to support an increased award of child support. *Id.*

Husband also argues briefly that the trial court's award of attorney's fees to wife was in error. Husband states no rationale for this assertion. However, the award of attorney's fees in this type of action is discretionary with the trial court. *Lyles v. Lyles,* 710 S.W.2d 440, 444 (Mo. App.1986).

Finally, husband asserts the trial court erred in denying his motion, made at the start of the proceeding, for leave to amend to have payments made directly to the minor child. While a court should be liberal in permitting amendments to pleadings, it is primarily within the sound discretion of the trial judge, whose action will not be disturbed where such discretion has not been palpably and obviously abused. *Dillard Dept. Stores, Inc. v. Muegler,* 775 S.W.2d 179, 183[1] (Mo.App.1989). In this case we find no abuse of that discretion. The modification of the decree was supported by substantial evidence and was not against the weight of the evidence.

Judgment affirmed.

GARY M. GAERTNER, P.J., and PUDLOWSKI, J., concur.