Ronald Dean MUSTAIN, Petitioner–Appellant,

v.

Roxanne MUSTAIN, Respondent.

No. 18195.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 11, 1992.

Charles F. Johnson, Osage Beach, for petitioner-appellant.

Faye M. Coultas, Osage Beach, for respondent.

PREWITT, Judge.

Appellant appeals from an order entered July 16, 1992, modifying a decree of dissolution of marriage. The modification order increased appellant's child support for two children born of the marriage of the parties.

■ Review is under Rule 73.01. It requires that this court affirm the trial court's order unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law. *In re Marriage of Goostree*, 790 S.W.2d 266, 267 (Mo.App.1990).

■ All fact issues on which no findings are made shall be considered as having been found in accordance with result reached. Rule 73.01(a)(2). Due regard is given to the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.01(c)(2); *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

■ Appellant contends that errors were made by the trial court in figuring his income and the trial court did not take into consideration the support obligation he has for a child born to his marriage which followed the original dissolution decree.

The trial court calculated the amount of child support as provided in Rule 88.01, following Civil Procedure Form No. 14. The comments following the worksheet for Form 14 state that consideration should be given "for direct and unreimbursed support provided to a child not the subject of this case, but who is in the custody of one of the parties."

The amount of appellant's income was in dispute. In regard to appellant's testimony of his income the trial judge stated that to "find some of the testimony a bit incredulous would be an understatement". The record does not establish any error by the trial court in determining appellant's income nor that he did not take into consideration appellant's support of his latest child.

The judgment is affirmed.

FLANIGAN, C.J., and MONTGOMERY, P.J., concur.