In re the MARRIAGE OF Nancy COHEN and Arthur J. Cohen.

Nancy COHEN, Petitioner/Respondent,

v.

Arthur J. COHEN, Respondent/Appellant.

No. 64310.

Missouri Court of Appeals, Eastern District, Division Two.

July 12, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1994.

Application to Transfer Denied Oct. 25, 1994.

Daniel P. Card, II, Paule, Camazine & Blumenthal, P.C., Clayton, for respondent/appellant.

Ellen F. Watkins, Schechter & Watkins, P.C., Clayton, for petitioner/respondent.

CRANE, Presiding Judge.

Arthur J. Cohen (father) appeals from an order modifying the child support provisions of a dissolution case. We reverse and remand that portion of the order ordering father to pay 50% of the minor children's future automobile insurance expenses. We affirm the remainder of the order.

The parties' marriage was dissolved on January 30, 1989. Under the decree father and Nancy Cohen (mother) were given joint custody of the parties' two minor children, then ages 6 and 10, with primary physical custody to mother. The court ordered father to pay $450 per child for monthly child support, Hebrew school fees not to exceed $160 per year per child for four years, and one half of the children's summer camp expenses, not to exceed $1500 per summer. Father was also ordered to maintain medical insurance on the children until age 21, to pay one half of all orthodonture expenses not covered by insurance, and to pay one half of each child's college expenses.

On September 11, 1992 mother filed a motion to modify the dissolution decree. After a hearing, the trial court entered its order granting the motion on April 19, 1993. Both parties moved to amend. The trial court entered its amended order modifying the decree on June 23, 1993.

In the June 23 order, the trial court first found a substantial and continuing change of circumstances, which finding is not contested on appeal. The trial court next found application of the authorized support guidelines would be unjust or inappropriate and increased monthly child support to $680 per child retroactive to September 27, 1992. The court rephrased its previous order ordering husband to pay one half of college expenses, using the language in *Echele v. Echele,* 782 S.W.2d 430, 437 (Mo.App.1989). The court further ordered:

> The Court orders Respondent to pay 72% of the children's non-reimbursed and uninsured health, medical and dental expenses and ½ of the cost of the children's dental insurance.
>
> The Court grants Petitioner sole authority for the reasonabl[e] & necessary medical & dental care of said children. Pet. is to utilize the providers as set forth in Resp.'s policy of insurance. Petitioner is granted sole authority for summer camp decisions. Resp. is ordered to pay 50% of said children's auto insur. premiums, when said premiums accrue.

■ Husband appeals from this order. Our review of a trial court's ruling on a motion to modify child support is limited to whether the ruling is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *In re Marriage of Copeland,* 850 S.W.2d 422, 424 (Mo.App.1993).

### I.

■ In his first point father contends the trial court erred in making the Form 14 computations, in finding that application of the guidelines would be unjust or inappropriate, and in increasing the amount of monthly child support to $680 per child. Father attacks this award in seven subpoints, designated A through G.[1]

---

1. We do not encourage this practice. Separate issues should be stated in separate points. *Thummel v. King,* 570 S.W.2d 679, 688 (Mo. banc 1978). On the other hand, where separate subpoints raise the same issue, they should be combined into one point which precisely formulates the issue in order to meet Rule 84.04(d)'s requirements of brevity and conciseness.

## A. Health Insurance Premiums and Child of Second Marriage

■ In subpoint A father contends that the trial court, in making its Form 14 calculations, erroneously failed to make an adjustment for health and dental insurance premiums provided by husband and for the fact that husband has had another child by his second wife. In subpoint B father contends that § 452.353.10, RSMo Supp.1992, and the Directions on Use for Form 14 respectively require these adjustments. In subpoint D father contends that the trial court failed to consider and make adjustments for either of these factors.

Husband's argument with respect to an offset for insurance premiums has been addressed and rejected in *King v. King*, 865 S.W.2d 403, 405 (Mo.App.1993). The trial court was required to consider the cost of the premiums in making its determination, but had no obligation to reduce the amount of child support because father paid these premiums. *See also Hoffman v. Hoffman*, 870 S.W.2d 480, 484 (Mo.App.1994).[2]

■ Husband argues that there is no indication that the trial court did consider the premiums. Husband did not request findings of fact and none were made. Further, husband testified to the amount of premiums. A trial court is presumed to have considered all evidence presented to it. *Garcia–Otero v. Garcia–Otero*, 770 S.W.2d 486, 487 (Mo.App. 1989). In the absence of findings, we consider all fact issues to have been resolved in accord with the result. *Mustain v. Mustain*, 842 S.W.2d 574, 575 (Mo.App.1992).

■ Likewise the trial court did not err in not adjusting the presumed child support to reflect the fact that husband had another child by his second wife. The comments following the work sheet for Form 14 applicable at the time of the hearing required only that consideration should be given to the direct and unreimbursed support provided to a child in the custody of one of the parties. *Mustain*, 842 S.W.2d at 575. The birth of the child to the second marriage was a factor for the trial court to consider in determining father's ability to pay, but did not require the court to reduce father's support obligations to the children of his first marriage. *Young v. Young*, 762 S.W.2d 535, 536 (Mo.App. 1988).[3]

Nothing in the record indicates that the trial court did not consider the existence of the other child in determining father's ability to pay. Husband presented evidence of his direct and indirect monthly expenses for this child, however, he did not request findings. Under these circumstances, we presume the trial court considered the evidence before it, *Garcia–Otero*, 770 S.W.2d at 487, and that all fact issues have been determined in accord with the result reached. *Mustain*, 842 S.W.2d at 575.

## B. Finding that Application of the Presumed Child Support Amount Would be Unjust and Inappropriate

■ In subpoints C, E, and F father challenges the trial court's finding that application of the presumed support amount would be unjust or inappropriate. In subpoint C he complains that the court failed to make any specific findings or set forth the factors considered. Father relies on three Western District cases: *Harding v. Harding*, 826 S.W.2d 404 (Mo.App.1992); *Clare v. Clare*, 853 S.W.2d 414 (Mo.App.1993); *Summerville v. Summerville*, 869 S.W.2d 79 (Mo.App. 1993). In *Harding* the custodial parent testi-

2. Section 452.353.10, in effect when this case was tried, has been repealed. Beginning May 26, 1993 § 454.603, RSMo Supp.1993, governs and provides:

    6. The cost of health benefit plan ... premiums shall not be a direct offset to child support awards established pursuant to this chapter, chapters 210, 211, and 452, RSMo, but it shall be considered when determining the amount of child support to be paid by the obligor.

    Effective April 1, 1994 Form 14 contains a line for adding health insurance cost to child support

costs (4.c.) and a line for a credit for health insurance costs if paid by the non-custodial parent.

3. This result does not apply to those cases heard and decided after April 1, 1994. Form 14, effective April 1, 1994, as applied to modification proceedings, provides for an adjustment to monthly gross income for a non-moving parent's support responsibility for natural or adopted children in that parent's primary physical custody. Directions For Completion Of Form 14.

fied that the children's needs were less than the presumed amount under Rule 88.01, however, the trial court entered a child support award based on the presumed amount. In reversing this award, the court additionally directed:

> When a custodial parent offers evidence rebutting the Form 14 presumption, the trial court must enter a written finding, whether requested or not, which includes the actual numbers used in calculating the non-Form 14 child support, as well as the factors which made the Form 14 amount inappropriate. This is fair to the parties, and aids the appellate court in review of child support awards.

*Id.* at 407. In *Clare* the court reversed an award of child support in excess of the presumed amount where the trial court did not make the Rule 88.01 finding that the Form 14 amount was unjust or inappropriate and did not comply with the above directive in *Harding. Clare,* 853 S.W.2d at 415. In *Summerville* the court reversed a child support award which deviated from the guidelines where the trial court did not include its own Form 14 in its order or show what the Form 14 amount would have been, did not set out the factors relied upon in making its finding that the guideline amount was unjust or inappropriate, and there was no evidence in the record which would support the trial court's calculations. 869 S.W.2d at 83.

These cases do not state the law of this district.[4] A requirement that the trial court must enter written findings, whether requested or not, which include the numbers used to calculate the child support as well as the factors which make the Form 14 amount inappropriate, has not been adopted by the Eastern District. *See Vehlewald v. Vehlewald,* 853 S.W.2d 944, 951–52 (Mo.App.1993). *See also Mudd v. Mudd,* 859 S.W.2d 699, 703 (Mo.App.1993). Rule 88.01 provides, in pertinent part:

It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

In the absence of a request for findings, Rule 88.01 requires only a written finding or a specific finding on the record that the amount calculated pursuant to the guidelines would be unjust or inappropriate in a specific case. We decline to read into it a requirement of further findings.

In subpoint E father refers to the trial court's original April 19 modification order and argues that if the findings contained in that order comply with *Harding,* then the reasons given in the findings are insufficient to warrant a deviation from the presumed amount. In subpoint F father sets out specific reasons why the April 19 findings are insufficient. These subpoints are moot. Not only have we held that we do not require the findings listed in *Harding,* but also the April 19 order was vacated by the trial court when it entered the amended order. *Rose v. Rose,* 642 S.W.2d 686, 687 (Mo.App.1982). Accordingly, the April 19 findings are not subject to review.

In subpoint G father asserts that the court's award of child support is excessive and an abuse of discretion. We disagree.

A party's testimony to the children's expenses constitutes sufficient evidence on which to base a child support allowance. *Vehlewald,* 853 S.W.2d at 952. There is sufficient evidence to support the trial court's conclusion that application of the guidelines would be unjust or inappropriate. In her statement of income and expenses,

---

4. Further *Harding* has not been strictly applied in the Western District. In *Kovacs v. Kovacs,* 869 S.W.2d 789, 792 (Mo.App.1994), the court found the trial court did not err in awarding a child support amount which deviated from the guidelines even though the trial court had not made the *Harding* findings where the evidence was sufficient to support the conclusion that the Rule 88.01 amount was unjust or inappropriate.

Further, the rule set out in *Harding* was criticized by two of the judges who sat in *Kovacs* in separate concurring opinions. One judge wrote that *Harding* went too far in requiring numbers to be set out and the other judge wrote that the rule in *Harding* was dicta and was not required by Rule 88.01. *Kovacs,* 869 S.W.2d at 794, 795–96.

admitted at trial, mother listed direct expenses for the children of $1437.85. Mother agrees the amount of direct expenses should be reduced to $1384.85 because $214 of this amount represented insurance premiums for which father was 72% responsible. Mother also listed monthly household expenses totalling $1803 for mortgage payments, utilities, and automobile to maintain the family's previous standard of living. A trial court may properly attribute a portion of the utility, housing and transportation expenses to the child or children in calculating child support. *Hoffman,* 870 S.W.2d at 482 (⅓ of expenses attributed to mother and ⅓ of expenses attributed to each of two children); *In re Marriage of Allen,* 811 S.W.2d 58, 59 (Mo.App. 1991) (½ of household expenses to mother, ½ to child); *Vehlewald,* 853 S.W.2d at 952; *Mudd,* 859 S.W.2d at 703. If $1803 is apportioned one-third to each child, $601 can be attributed to each child's needs. Using this one-third allocation would result in total direct and indirect expenses of $2586.85 for both children.

The presumed child support amount based on the parties' combined gross income was $1550 with father's proportionate share at 72%, or $1117. The trial court ordered father to pay total child support in the amount of $1360, which figure is 72% of $1888. The child support amount ordered by the court is less than what the court could have ordered given the evidence at trial which could have supported a finding of $2586.85 in monthly expenses. Accordingly, the monthly child support amount ordered by the court was not excessive and was supported by substantial evidence.

## II.

For his second point father asserts that the trial court erred in requiring him to pay 50% of each child's automobile insurance costs when each child reached driving age. We agree.

The actual automobile expenses and insurance premiums incurred by a driving-age child may be considered with the needs of a child in determining child support. *Mudd,* 859 S.W.2d at 703; *Cigno v. Cigno,* 723 S.W.2d 930, 932–33 (Mo.App.1987). A trial court may not, however, make a present award of child support which includes monthly payments for a child's automobile expenses before the child reaches driving age. *Boudreau v. Benitz,* 827 S.W.2d 732, 736 (Mo.App.1992); *Brooks v. Brooks,* 871 S.W.2d 42, 45 (Mo.App.1993). Upon appropriate proof, a trial court may make an increase in child support for future expenses effective at a future date and contingent upon the occurrence of the event. *Tuning v. Tuning,* 841 S.W.2d 264, 267 (Mo.App.1992) (college expenses); *Brooks,* 871 S.W.2d at 45. In *Brooks* we held the potential expenses of a fifteen year old including automobile insurance could be considered with the child's needs where proof of that need is certain together with proof of cost. 871 S.W.2d at 45. Evidence of cost must be sufficient to support a certain and enforceable decree. *See, e.g., Echele,* 782 S.W.2d at 436.

In this case the trial court excluded mother's evidence on the automobile insurance on the grounds it was speculative because the child was not 16. However, the court then ordered future insurance premium payments as part of the modification order. Because the trial court had not admitted mother's evidence, there was no evidence in the record to support that order. Accordingly, we must reverse the order ordering father to pay 50% of the children's future insurance premiums and remand so the court may receive evidence from both parties on certainty of need and cost of automobile insurance.

That portion of the order ordering father to pay 50% of the children's future automobile expenses if and when incurred is reversed and remanded for further proceedings consistent with this opinion. In all other respects the order of the trial court is affirmed.

CRAHAN, J., concurs.

KAROHL, J., concurs in result.