In re the Marriage of Richard **KETTLER**, Respondent/Cross–Appellant,

v.

Anne Marie **KETTLER**, Appellant/Cross–Respondent.

No. 63677.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 11, 1994.

Corinne R. Coston, Mary Ann Weems, Clayton, for appellant.

Ellen Watkins, Gregory L. Brandt, Schechter & Watkins, Clayton, for respondent.

AHRENS, Presiding Judge.

Richard Kettler and Anne Marie Kettler were married on July 7, 1978. On January 27, 1989, husband filed his petition for dissolution of marriage. Wife filed her cross-petition on March 13, 1989. A decree of dissolution was entered on February 8, 1993. Both parties appeal the trial court's division of property. We affirm.

■ Review of this case is governed by the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment will be sustained unless there is no substantial evidence to support it, or it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

■ The division of marital property is discretionary with the trial court and we must defer to the court's judgment unless it is an abuse of discretion. *Bixler v. Bixler,*

810 S.W.2d 95, 100 (Mo.App.1991). Further, we presume the order to be correct and the party challenging the division on appeal has the burden of overcoming the presumption. *Id.*

■ Wife argues, in her first point, that the trial court erred in awarding husband one Pioneer Individual Retirement Account (IRA) valued at $20,440.00. She claims there were actually two Pioneer IRAs valued at approximately $10,000.00 each and that one was separate property of wife and one separate property of husband. In his cross-appeal, husband also contends there were two Pioneer IRAs worth an aggregate of $20,-440.00, which husband claims are marital property. There is no dispute as to the existence of two IRAs, one in each party's name, of equal value, totalling approximately $20,440.00.

Wife contends that the funds for these IRAs came from separate gifts to wife and husband from wife's mother. She argues that one IRA was titled in each party's name individually and that the IRAs should have been set aside by the trial court as separate property under the "source of funds" rule as adopted in *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 825 (Mo. banc 1984), and § 452.330.2(1), RSMo (Supp.1989).

■ Under the "source of funds" rule, whether property is characterized as marital or separate depends on the source of funds used to purchase the property. *Hoffmann,* 676 S.W.2d at 824. Neither party disputes that the source of funds for the IRAs came from wife's mother. Nor do they dispute that title for each IRA was in each party's name individually. The crux of the dispute lies in whether the gifts from wife's mother were individual gifts to each party or joint gifts to both parties.

■ All property acquired by either spouse subsequent to the marriage, and prior to a decree of legal separation or dissolution is presumed to be marital property regardless of whether title is held individually or jointly. § 452.330.3, RSMo (Supp.1988). This presumption is overcome only by clear and convincing evidence that the acquired

item was non-marital. *Barth v. Barth,* 790 S.W.2d 246, 251 (Mo.App.1990).

Wife contends she testified at trial that the funds for the IRAs came from separate gifts to husband and wife. However, in wife's Exhibit J, denominated as "Respondent's List of Marital Property and Proposed Marital Property Division," she listed both Pioneer IRAs and asked the court to divide them as marital property. If the trial court did err in treating both Pioneer IRAs as marital property and awarding them to husband it was "invited error." An appellant cannot rely on invited error on appeal. *Roth v. Roth,* 760 S.W.2d 616, 618 (Mo.App.1988). Wife's first point is denied.

As to the trial court's error in not including both Pioneer IRA numbers in the decree, the record reflects the trial court intended to award both Pioneer IRAs to husband. The decree awarded 50.2% of the marital property to wife and 49.8% to husband. The judge assigned a value of $20,440.00 to the Pioneer IRA awarded to husband. This is exactly twice the value husband placed on each of the two IRAs in his statement of property. We modify the judgment of the trial court to award husband Pioneer IRA number 001–0904214855 in addition to Pioneer IRA number 001–0504214844 pursuant to Rule 84.14.

In her second point, wife claims the trial court erred in its assignment of value of the marital home. Wife contends that the equity in the home was $79,000.00 and not $90,000.00 as the trial court found. Both parties agree that at the time of dissolution the home was subject to a mortgage of approximately $40,000.00. Wife testified that the value of the home was $119,000.00 leaving a net equity of $79,000.00. Husband's statement of property valued the residence at $129,500.00, leaving a net equity of approximately $90,000.00. Where conflicting evidence exists regarding the value of the marital home, deference is given to the trial judge who can assess the credibility of the witnesses. *Brandt v. Brandt,* 794 S.W.2d 672, 674 (Mo.App.1990). The evidence supports the trial court's valuation of the marital home. We defer to the trial court's determination. Wife's second point is denied.

Wife argues, in her third point, that the trial court failed to set aside the value of her separate funds used to purchase the marital residence. In support of this argument, wife again relies on the "source of funds" rule. The marital residence was titled jointly in the names of husband and wife. Once separate property is placed in the joint names of the spouses, it is deemed a gift to the other spouse and is transmuted into marital property. *Layton v. Layton,* 673 S.W.2d 462, 464 (Mo.App.1984). This presumption is rebutted by clear and convincing evidence to the contrary. *Id.* The source of funds rule does not abolish this transmutation theory. *Stephens v. Stephens,* 842 S.W.2d 909, 913 (Mo.App.1992). Wife offers no evidence that the joint titling of the marital residence was not intended to be a gift to husband.

Further, both parties listed the marital home as marital and not separate property on their statements of property filed with the trial court. If the trial court did err in designating the home as marital property it was "invited error." An appellant cannot rely on invited error on appeal. *Roth,* 760 S.W.2d at 618. Wife's third point is denied.

In her fourth point, wife claims the trial court failed to find that certain investment accounts were separate property because they were funded, in part, by separate gifts to wife. These accounts were titled in both spouses' names and were therefore transmuted into marital property. *Layton,* 673 S.W.2d at 464. Wife argues that she overcame this presumption because she controlled the funds and made decisions regarding the investments. She also contends that husband's name was placed on the accounts for "safety's sake." Credibility is left to the trial judge, who is free to disbelieve any testimony offered to rebut the presumption. *Kramer v. Kramer,* 709 S.W.2d 157, 159 (Mo. App.1986). We find no error in the trial court's implicit finding that wife failed to overcome the presumption that the investment accounts were transmuted into marital property. Wife's fourth point is denied.

In her final point, wife contends that the trial court erred in dividing a Farm & Home Certificate of Deposit (CD) between

the parties because the CD was wife's separate property. Her only support for this contention is that the source of the CD was a gift from her aunt after the parties separated.

First, the fact that funds used to purchase the CD were received after the parties separate does not, standing alone, make the CD separate property. Section 452.330.3, RSMo (Supp.1988), states "[a]ll property acquired by either spouse subsequent to the marriage and prior to a *decree of legal separation or dissolution of marriage* is presumed to be marital property ..." (emphasis added). The funds at issue were received prior to the decree of dissolution and there was no decree of legal separation. For this reason the presumption arises that the CD was marital property, which can only be rebutted by clear and convincing evidence to the contrary. *Layton,* 673 S.W.2d at 464.

Wife's only evidence that the CD was separate property was her testimony that she purchased the CD with funds given to her as a gift from her aunt. The record reveals no documentary evidence tracing the money received from wife's aunt into the purchase of the CD. Husband, on the other hand, testified that the funds for the CD came from a joint savings account. He further testified that there were actually two Farm & Home CDs worth $10,000.00 and $9,000.00. Husband testified, and wife agreed, that she removed $10,000.00 from a joint savings account to establish a CD at Farm & Home. Wife claimed, however, that the CD was only for $9,000.00 and that she had spent $1,000.00 on bills. She contends that this particular CD is no longer in effect and that the only CD in effect is the one purchased for $10,000.00 with the funds provided by her aunt.

There was conflicting evidence regarding the Farm & Home CD. The trial court is free to accept or reject all, part, or none of the testimony of any witness. *Wilson v. Wilson,* 822 S.W.2d 917, 920 (Mo.App.1991). The evidence is viewed in the light most favorable to the decree and we defer to the trial court's decision even if the evidence could support a different conclusion. *Id.* The trial court's determination that the Farm & Home CD was marital property is supported by the record. Wife's final point is denied.

The judgment is affirmed as modified.

SIMON and KAROHL, JJ., concur.