Thomas M. **MOORE**, Appellant,

v.

Patricia M. **MOORE**, Appellee.

No. S–5175.

Supreme Court of Alaska.

April 28, 1995.

William T. Ford, Anchorage, for appellant.

Karla F. Huntington, Mendel & Huntington, Anchorage, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

*OPINION*

MATTHEWS, Justice.

Thomas Moore appeals a child support award to Patricia Moore, his ex-wife. Patricia and Thomas were married in August 1977. They have two children, Thomas, Jr., born in February 1980, and Rachel, born in February 1984. Patricia sued for divorce in

---

April 1991. The parties settled all property division issues prior to trial.

Thomas is a businessman. Between 1987 and 1990, his adjusted gross income fluctuated between $177,000 and $423,000 per year. Patricia did not work during the last ten years of the marriage, but was attending college at the time of trial, and expected to earn $22,000 per year once she graduated.

Patricia requested $2150 in child support. Under Alaska Civil Rule 90.3, a non-custodial parent with two children should pay twenty-seven percent of his adjusted gross income up to $60,000 as child support. Twenty-seven percent of $60,000 is $1350. However, "to the extent that the parent has an adjusted annual income of over $60,000 ... the court may make an additional award only if it is just and proper, taking into account the needs of the children, the standard of living of the children and the extent to which that standard should be reflective of the supporting parent's ability to pay." Alaska R.Civ.P. 90.3(c)(2).

The superior court admitted into evidence a financial statement showing Patricia's monthly expenses for herself and the two children to be $3849. The superior court awarded $1750 in child support. The superior court judge stated:

As far as income and child support, Mr. Moore's income is substantial and has every indication of continuing to be so. Ms. Moore will be making 20 to $25,000 a year, her capital could probably earn her an equal amount. So we have fairly substantial assets available, income available, for the maintenance of these children. People do spend their income on their children. 'Til you get up to about 50 or $60,000 people spend 27% if they've got two kids, that's where those numbers came from. When you get above $60,000 people don't spend such a high percentage, but of course you do spend more money. People in your position in life have your kids in gymnastics and have your kids in soccer and have—have tutors for your kids and you do take trips and you do this and you do that and you go skiing. There are a lot of families that don't have that. It does cost more than what it costs families who have less resources than you do.

The evidence as to the needs of the children, or the excess needs, or the unusual needs is fairly scant, it was really Exhibit B—B—8, indicating about $160 a month for sports and camps and then there's some child care and large mortgage and utility expenses, which are also a reflection of standard of living. I don't have evidence that will support an $800 a month addition to the 1350; however, it's pretty clear that there is quite a bit of money beyond that that would seem to be an appropriate part of the additional care for the children that should be borne by Mr. Moore. So I'll make the finding that the children's needs exceed $1350 by $400 per month, so it'll be 17—1750 per month would be the child support amount, that Mr. Moore does have the ability to pay that amount, and that that would be in the best interests of the children for the children's expenses to be divided between them in that manner.

Thomas appealed the child support award to this court. We noted that "[c]hild support awards are reviewed for an abuse of discretion and will not be set aside by this court unless a review of the record as a whole leaves us with a definite and firm conviction that a mistake has been made." *Moore v. Moore,* Mem. Op. & J. No. 0678 at 4 (Alaska, September 8, 1993) (citing *Farrell v. Farrell,* 819 P.2d 896, 900–01 (Alaska 1991)). We found that the trial court's findings were so cursory that we could not "determine if a mistake ha[d] been made." *Id.* We remanded the case for "specific findings detailing those additional needs of the children which justify the waiver." *Id.*

On remand, the trial judge made detailed written findings of fact and conclusions of law. The trial judge's findings can be summarized as follows:

Testimony by the children's parents and guardian ad litem shows that the children enjoyed a somewhat affluent standard of living when their parents were married. Patricia expects to earn an annual salary of $22,000 after graduating from college. Patricia's 1992 income tax return shows that Patricia

earned $5,662 in interest in 1992.[1] Patricia's total expected annual income is $27,662. The average monthly expenses for Patricia and the children are $3,849, including a monthly mortgage payment of $1,802. Dividing these expenses per capita, the average monthly expenses for support of the children are $2,540.39.[2] In accordance with the principles of Rule 90.3, Patricia should use twenty-seven percent of her expected income, or $622.39 per month, to support her children. The difference between $2540.39 and $622.39 is $1918. It is just and proper for Thomas to make up this difference; therefore, an award of $1750 is justified.

Thomas again appeals to this court. He argues that the superior court erred by including Patricia's mortgage payments within the family expenses used to calculate child support. Thomas relies on *Money v. Money*, 852 P.2d 1158 (Alaska 1993). In *Money*, we rejected the ex-wife's argument that her child support award was too low. *Id.* at 1165. We noted that the ex-wife included monthly mortgage payments on her residence in the monthly budget she submitted in support of a higher award, even though the property division provided that the ex-husband was required to make the payments. *Id.* at 1164. Since the property division in this case does not require Thomas to make Patricia's mortgage payments, *Money* is inapposite.

A recent Missouri decision is much more on point. In *In re Marriage of Cohen*, 884 S.W.2d 35, 37 (Mo.App.1994), the father challenged the trial court's child support award. The appellate court held that the trial court could properly calculate child support by allocating two-thirds of the mother's monthly mortgage expenses to her two children, *id.* at 40, a procedure identical to that used by the superior court in this case. The appellate court's ruling allowed the trial court to consider the mortgage payments in its determination of the children's needs and of the

amount needed to maintain their previous standard of living. *Id.*

In this case, the superior court specifically found that "[r]emaining in [Patricia's current] home is beneficial to the children and consistent with their lifestyle." Thomas does not argue that this finding is clearly erroneous, and there is no evidence in the record contradicting the finding. Thus, the superior court properly treated Patricia's monthly mortgage expenses as a constituent part of "the standard of living of the children" under Rule 90.3(c)(2).

The superior court's findings as a whole cogently take into account the three Rule 90.3(c)(2) factors—"the needs of the children, the standard of living of the children and the extent to which that standard should be reflective of the supporting parent's ability to pay." The findings are sufficiently specific. They justify the additional award of child support under Rule 90.3(c)(2). The decision of the superior court is AFFIRMED.

---

1. Thomas does not contend that this is an inappropriate determination of Patricia's reasonable investment income, even though it is inconsistent with the court's statement before remand that Patricia's capital probably could earn approximately $20,000 to $25,000 a year.

2. Two-thirds of $3,849 is actually $2,566, which is a little more than $2,540.39.