**Jane Kevin WAITE, Respondent,**

v.

**Louis Edward WAITE, Jr., Appellant.**

**No. ED 76161.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 23, 2000.

Rehearing Denied July 6, 2000.

---

James J. Robinson, Chesterfield, for appellant.

Mary Ann Weems, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Judge.

Louis Edward Waite, Jr. (Husband) appeals from the trial court's judgment dissolving his marriage to Jane Kevin Waite (Wife). Husband argues the trial court erred in (1) declaring the primary residence to be marital property and awarding it to Wife, (2) awarding Husband $20,723 for his separate share of his individual retirement account (IRA), (3) ordering Husband to pay $750 per month in child support, and (4) awarding Wife $1,000 per

month in maintenance. We affirm in part and reverse and remand in part.

Husband and Wife were married on March 23, 1991. Husband and Wife had one child, born October 5, 1991. Husband and Wife separated on July 5, 1998, and the marriage was dissolved on March 15, 1999.

The trial court dissolved the marriage and awarded Husband and Wife joint physical and joint legal custody of their child. After finding the Form 14 amount to be unjust and inappropriate, the trial court ordered Husband to pay $750 per month in child support. The court ordered the child to be covered under Husband's health plan. The court also ordered the Husband to pay Wife $1,000 per month in maintenance until either Husband or Wife died or until Wife remarried.

The trial court awarded separate property to Husband and Wife. Wife was awarded her separate property consisting of stock, part of her life insurance, and her jewelry. Husband was awarded his separate property consisting of a real estate lot, a roll top desk, and part of his IRA. Wife was awarded the primary residence with its corresponding mortgage debt. The trial court awarded marital property to Husband and Wife. Wife was awarded a car; a checking account; the marital portion of her life insurance; one-half of the household furniture, furnishings and fixtures; and the entire marital amount of Husband's 401(k) Plan. Husband was awarded a car; a savings and checking account; his life insurance policy; one-half of the household furniture, furnishings and fixtures; and the entire marital portion of his IRA.

The trial court also allocated Husband and Wife's debt. Husband's debt was the debt on his Visa bill, an unpaid dental bill, an unpaid roof bill, and an unpaid optical bill. The remaining debt incurred prior to February 18, 1999, was allocated 44% to Wife and 56% to Husband. Husband appeals the trial court's judgment.

In reviewing a decree of dissolution, the decision of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Kettler v. Kettler*, 884 S.W.2d 729, 731 (Mo.App. E.D.1994). The division of marital property is discretionary with the trial court and we must defer to the court's judgment unless it is an abuse of discretion. *Kettler*, 884 S.W.2d at 731. We presume the order to be correct, and the party challenging the division on appeal has the burden of overcoming the presumption. *Id.* A judgment should be set aside with caution and only on a firm belief that the judgment is wrong. *Panettiere v. Panettiere*, 945 S.W.2d 533, 538 (Mo.App. W.D.1997).

In his first point, Husband argues the trial court erred in declaring the primary residence to be marital property and awarding it to Wife. Husband argues awarding the house to Wife was an abuse of discretion because he purchased the house before the marriage, and Wife testified that she did not want the house. We disagree.

Once separate property is placed in the joint names of the spouses, it is deemed a gift to the other spouse and is transmuted into marital property. *Id.* at 732. This presumption is rebutted by clear and convincing evidence to the contrary. *Id.*

Here, the marital residence was purchased by Husband prior to the marriage and then refinanced and titled jointly in the names of Husband and Wife. The house is presumed to be marital property, and Husband has the burden to show a gift was not intended. Wife's testimony at trial indicates that she was not asking for the house in the divorce because she had been told by Husband and attorneys that she could not have the house. Husband has failed to provide any other evidence that

he did not give one-half of the house to Wife. We find there was not clear and convincing evidence to rebut the presumption that the house was transmuted into marital property. Point denied.

In his second point, Husband argues the trial court erroneously applied the law in awarding Husband only $20,723 for his separate share of his IRA. Wife argues this point is moot because Husband was awarded the entire marital portion of the IRA.

*Appreciation* in value of an IRA is divided in proportion to the marital and non-marital portions of the original investment under Section 452.330(2)(5). *Coughlin v. Coughlin*, 823 S.W.2d 73, 75 (Mo. App. E.D.1991). The *income* from separate property acquired during the marriage does not fall within any of the excluded categories of Section 452.330.2 and is marital property. *Wilhelm v. Wilhelm*, 688 S.W.2d 381, 383 (Mo.App. E.D.1985). Income is a gain or recurrent benefit usually measured in money that derives from capital or labor or the amount of such gain received in a period of time. *Coble v. Coble*, 931 S.W.2d 206, 209 (Mo.App. W.D. 1996).

Here, additional amounts to the IRA were labeled on the statements as "income dividend," "capital gain," and "short term gain". We find that all of these additions are "income" because they are a gain derived from capital over a period of time. The trial court properly characterized these additions as marital property because they were income during the marriage. Point denied.

In his third point, Husband argues the trial court erred in ordering Husband to pay $750 per month in child support. Husband argues there was not substantial evidence to support the trial court's Form 14 presumed child support calculations for joint custody. We disagree.

Supreme Court Rule 88.01 establishes a rebuttable presumption that child support calculated pursuant to Form 14 is the amount to be awarded by the trial court. *Panettiere*, 945 S.W.2d at 540. Rule 88.01 provides:

a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded.... It is sufficient in a particular case to rebut the presumption ... if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all the relevant factors, is unjust and inappropriate.

*A.J.K. by R.K. v. J.L.*, 980 S.W.2d 81, 88 (Mo.App. E.D.1998). A written finding that the Form 14 amount, after considering all relevant factors, is "unjust or inappropriate" will overcome this presumption. *Panettiere*, 945 S.W.2d at 540. The trial court has broad and sound discretion in considering whether to rebut the presumed correct child support amount. *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo.App. W.D.1996). The trial court is not required to enter written findings which include the numbers used to calculate the child support as well as the factors which make the Form 14 amount inappropriate. *Marriage of Cohen, In re*, 884 S.W.2d 35, 39 (Mo.App. E.D.1994).

Here, the trial court's judgment states, "[c]ourt finds that the Form 14 amount, after consideration of all relevant factors, is unjust or inappropriate." The trial court complied with Rule 88.01 by explicitly stating in its judgment that the trial court considered all relevant factors, and the application of the child support guideline was unjust or inappropriate.

The presumed child support amount based on the parties' combined gross income was $1,063 per month with Husband's proportionate share at 72.2% and an $82 credit for sums expended by Husband when the child was with him, or $685. The trial court then ordered Husband to pay $750 per month. According to

the trial court's income analysis on its Form 14, this amount of child support left each parent with roughly the same amount of available net income. The monthly child support amount ordered by the court was not excessive and was supported by substantial evidence. Point denied.

■ In his fourth point, Husband argues the trial court erred in awarding Wife $1,000 per month in maintenance. Husband argues Wife did not submit a Statement of Income and Expenses into evidence, and therefore, did not produce any evidence of her reasonable needs. Husband also argues there was no evidence before the trial court of the value of Wife's separate property. We agree.

■ Section 452.335.1, RSMo 1994, provides that a spouse desiring maintenance must satisfy a two-prong test: the spouse must demonstrate he or she "(1) [l]acks sufficient property, including marital property apportioned to him [or her], to provide for his [or her] reasonable needs; and (2)[i]s unable to support himself [or herself] through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home." *Id.* Under Section 452.335.1, a spouse must demonstrate need before a court can order maintenance. *Id.* Furthermore, a maintenance award must be made within a reasonable tolerance of proof. *Id.* Therefore, a maintenance award cannot be affirmed without evidence to support it. *Id.*

Here, Wife's Statement of Income and Expenses was filed with the court, but it was not admitted into evidence. There is no indication that the trial court took judicial notice of the statement in the record or in the judgment. Thus, our case is analogous to *Chen v. Li,* 986 S.W.2d 927 (Mo.App. E.D.1999) and *Halupa v. Halupa,* 943 S.W.2d 272 (Mo.App. E.D.1997). In *Chen* and *Halupa,* the income and expense statement was filed and even referred to at trial, but was not introduced nor received into evidence. *Chen,* 986 S.W.2d at 934; *Halupa,* 943 S.W.2d at 276. The court in those cases found the filing of a statement of income and expenses does not put it before the court as evidence. *Chen,* 986 S.W.2d at 934; *Halupa,* 943 S.W.2d at 277. The court in those cases reversed and remanded the maintenance award for reconsideration because there was not enough other evidence in the record to support the award. *Chen,* 986 S.W.2d at 935; *Halupa,* 943 S.W.2d at 277.

Here, the legal file contains a copy of Wife's Statement of Income and Expenses which was filed with the trial court; however, this statement was not admitted into evidence. Wife testified that she was not employed at the time but thought she was capable of earning minimum wage. She testified she did not have sufficient property to provide for her reasonable needs, but there was no testimony concerning what her reasonable needs were. She testified that even if the court awarded her one hundred percent of the marital property it would not be enough to support herself and her daughter. Wife produced no evidence of her monthly expenses.

Based on the small amount of evidence Wife produced at trial, we believe Wife did not demonstrate that she is entitled to the award of maintenance. Accordingly, we reverse the maintenance award and remand for reconsideration.

Judgment affirmed in part and reversed and remanded in part.

CRANE, P.J., and SULLIVAN, J., concur.